PEOPLE *v.* KENNY SMITH

APPEAL AND ERROR—CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL
—VOLUNTARINESS.
  A request to withdraw a plea of guilty where it is claimed
    that the plea was involuntary because defendant was under
    the influence of drugs prescribed as medication by the jail
    physician cannot be made for the first time on appeal of
    the judgment of conviction.

Appeal from Genesee, Stewart A. Newblatt, J.
Submitted Division 2 November 10, 1969, at Lansing.
(Docket No. 6,746.)   Decided November 26, 1969.

Kenny Smith, also known as Kenny Terrell, was
convicted, on his plea of guilty, of armed robbery.
Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, *Donald A. Kuebler,* Chief As-
sistant Prosecuting Attorney, and *Roger W. Kitten-
dorf,* Assistant Prosecuting Attorney, for the people.

*Lawrence C. Saxe,* for defendant on appeal.

Before: LEVIN, P. J., and T. M. BURNS and DAN-
HOF, JJ.

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 545.

PER CURIAM. On May 10, 1967, defendant pleaded guilty to a charge of armed robbery,* and on June 20, 1967, he was sentenced. On both occasions he was represented by the same court-appointed lawyer who represents him on this appeal.

Defendant has asked this Court to allow him to withdraw his plea of guilty and to return this case to circuit court for a trial. He asserts that his plea was not voluntary because he was under the influence of drugs prescribed as medication by the jail physician on April 7, 1967 and April 13, 1967.

There is no support in the record for defendant's claim that his plea was involuntary. Further, the alleged condition was never called to the attention of the trial judge by defendant or his counsel. Claims of this kind must be presented initially to the trial court by a motion to withdraw a guilty plea. They cannot be asserted for the first time on direct appeal of the judgment of conviction. After sentence has been imposed, withdrawal of a guilty plea rests within the sound discretion of the trial court, *People v. Walls* (1966), 3 Mich App 279.

Affirmed.

---

* CLS 1961, § 750.529 (Stat Ann 1969 Cum Supp § 28.797).