PEOPLE v. BEST

CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS.
   Defendant's participation in commission of crime of robbery un-
      armed on taking of his guilty plea was adequately established
      by direct questioning where the defendant stated "I robbed
      a gas station", and "we held the gas station up" (MCLA
      § 750.530).

Appeal from Wayne, Joseph A. Moynihan, J. Submitted Division 1 June 24, 1969, at Detroit. (Docket No. 6,588.)   Decided January 27, 1970.

Raymond Arnold Best was convicted, on his plea of guilty, of robbery unarmed.  Defendant appeals. Plaintiff's motion to affirm granted.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Kenneth P. Frankland,* for defendant on appeal.

Before:  V. J. BRENNAN, P. J., and J. H. GILLIS and LEVIN, JJ.

PER CURIAM.  Defendant pled guilty to a charge of robbery unarmed in violation of MCLA § 750.530

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 492.

(Stat Ann 1954 Rev § 28.798) and he was sentenced to a 3- to 15-year prison term on September 17, 1968.

Following the filing of appellant's brief, the people filed a motion to affirm.  GCR 1963, 817.5(3).

There is no basis in the record for the claim advanced upon appeal that the defendant "was lured and induced" to plead guilty by "an expectation of leniency."

The defendant's participation in the commission of the crime was adequately established by direct questioning of the defendant as required by *People v. Barrows* (1959), 358 Mich 267, 272; the defendant stated, "I robbed a gas station" and later, "We held the gas station up."

The sentence was not, contrary to the defendant's remaining assignment of error, "too severe," nor did it "arbitrarily deprive the defendant of his Fourteenth Amendment right to equal and impartial justice."

It is manifest that the questions sought to be reviewed, on which decision of the cause depends, are so insubstantial as to need no argument or formal submission.

Motion to affirm is granted.