PEOPLE v. DORNER

1. BURGLARY—BREAKING AND ENTERING—CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS OF PLEA.

Participation by the defendant in the breaking of a drug store with intent to commit larceny was adequately established, as was the voluntariness of his guilty plea, where the trial judge questioned the defendant directly regarding his part in the crime charged and the defendant stated that he broke through a door, went inside, found two cash registers, and emptied them, and where there was nothing in the record to show that his plea of guilty was involuntary or the result of any promises made to him of probation or of leniency.

2. CRIMINAL LAW—PLEA OF GUILTY.

The proper forum for determining whether a defendant's plea of guilty was involuntary is in the trial court by way of motions to withdraw the plea, to set aside the judgment of conviction, and for a new trial, and where a defendant raises the issue of voluntariness for the first time on appeal, the Court of Appeals will affirm his conviction without prejudice to file such motions.

Appeal from Kalkaska, William R. Peterson, J. Submitted Division 3 May 5, 1970, at Grand Rapids. (Docket No. 7,548.) Decided June 2, 1970.

Robert A. Dorner was convicted, on his plea of guilty, of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 485 et seq.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof, 97 ALR2d 549.

*Harry T. Cook,* for defendant on appeal.

Before: HOLBROOK, P. J., and BRONSON and MUNRO,* JJ.

PER CURIAM. Defendant entered a voluntary plea of guilty to breaking and entering a drug store on February 7, 1969, with intent to commit larceny therein. MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305). Sentence was from 2-1/2 to 10 years. On appeal, defendant requests withdrawal of the guilty plea, contending that his answers to the court at the plea acceptance hearing were prompted by promises allegedly made to him by the sheriff and probation officer that by entering a guilty plea his sentence would be probation.

There is no basis in the record for the claim advanced upon appeal that the defendant "was lured and induced" to plead guilty by "an expectation of leniency".

The following question was asked at arraignment:

"*Q.* Has anyone told you that some kind of a special arrangement would be made, that if you entered a guilty plea you'd get a particular kind of treatment or some special consideration?

"*Mr. Dorner:* No, sir."

In the sentence record the court asked the following questions:

"*Q.* Is there anything that you would like to say to the court before the court disposes of your case?

"*A.* No, but there's one thing I'd like to ask.

"*Q.* All right.

"*A.* If I'm going to be sentenced to Jackson how is my wife going to take care of herself seeing how she's going to have a baby in October."

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

The defendant's participation in the commission of the crime was adequately established by direct questioning of the defendant, as required by *People v. Barrows* (1959), 358 Mich 267, 272; the defendant stated, "I broke through a door" and later, "I went inside and found two cash registers there and I proceeded to empty them."

Defendant's assertion that his plea was not voluntary is made for the first time in this appeal. A reading of the transcript of the arraignment discloses a thorough and careful questioning of the defendant by the trial judge, which establishes, in so far as the record is concerned, that the defendant's plea of guilty was voluntary and not the result of any promises made to him of probation or leniency. In the defendant's brief he refers to an affidavit, which we fail to find in the file on appeal. The proper forum for such an issue to be determined is in the trial court by way of a motion to withdraw the plea of guilty, set aside the judgment, and for a new trial. This the defendant has not done. We therefore affirm, without prejudice to the defendant to file such a motion in the circuit court for Kalkaska County. We do not retain jurisdiction of this matter.

Affirmed without prejudice.