PEOPLE v. RASAK

GAMING — PLEA OF GUILTY — CRIMINAL LAW — WITHDRAWAL OF PLEA — DISCRETION.

Refusal to permit defendant, charged with conspiring to violate state gambling laws, to withdraw his plea of guilty was not an abuse of discretion where record not only showed that defendant, on two separate occasions, had informed the court he had been neither promised nor assured of leniency in exchange for a plea of guilty, that he had been neither forced nor coerced to plead guilty, and that he was pleading guilty freely and voluntarily, but also that the court, before accepting the plea, had ascertained from defendant that he had committed the crime charged, and had found that the prosecuting attorney's assurance that another criminal case against defendant would be *nolle prossed,* although in fact performed, was not in exchange for defendant's plea of guilty.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 May 5, 1970, at Lansing. (Docket No. 8,412.) Decided June 3, 1970.

Edward Rasak was convicted, on his plea of guilty, of conspiring to violate the state gambling laws. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Robert J. White,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 491, 503–506.

Before: T. M. BURNS, P. J., and QUINN and
ROBERTS,* JJ.

PER CURIAM. On May 22, 1969, defendant, who
was represented by retained counsel, pled guilty to
the crime of conspiring to violate the gambling laws
of this state.** He was sentenced on August 14,
1969 to a term of 4–1/2 to 5 years in prison. His
petition to withdraw his plea of guilty and to grant
a new trial was denied by an order and written
opinion of the trial court. Defendant appeals from
that order.

A motion to withdraw a plea must be supported
by persuasive arguments showing that the plea was
not voluntarily made with understanding of the na-
ture of the charge. *People* v. *Zaleski* (1965), 375
Mich 71; *People* v. *Pulliam* (1968), 10 Mich App
481. From its opinion and the lower court record,
it appears clear that the trial court carefully and
properly reviewed defendant's assertions. We find
no abuse of discretion in his refusal to allow de-
fendant to withdraw his plea of guilty.

The trial court's findings of fact are supported
by the record at the testimonial hearing and refute
the defendant's claims of error:

"1. The defendant informed the court, in answer
to inquiry on two separate occasions, that,

"(a) he had been given no promises or assurance
of leniency in exchange for his plea of guilty;

"(b) he had not been forced or coerced to enter
a plea of guilty;

"(c) he was pleading guilty freely and voluntarily.

"2. The court, at the time of entry of plea of
guilty, ascertained from the defendant that he, in

---

* Circuit judge, sitting on the Court of Appeals by assignment.
** MCLA §§ 750.303–750.306; 750.157a (Stat Ann 1954 Rev and
1970 Cum Sup §§ 28.535–28.538, 28.354[1]).

fact, had committed the crime charged against him and to which he entered a plea of guilty.

"3. The defendant entered a plea of guilty voluntarily, advisedly, intentionally and understandingly.

"4. Several conferences were held within and without the presence of the court between the prosecuting attorney and counsel for the defendant, but at none of these conferences is there any showing that any promise or assurance was made by either the court or the prosecuting attorney or any member of that office as to any special consideration or leniency to be given to the defendant in return for his plea of guilty, or that any reference by the prosecuting attorney to a dismissal of a different charge in another court was, in fact, a factor in obtaining a plea of guilty from the defendant.

"5. The defendant had full opportunity to consider the plea which he entered to this charge. The original date of trial was set for February 6, 1969 and was subsequently adjourned until February 7, 1969. At this last date, the defendant informed the court, through his counsel, that he would enter a plea of guilty to the charge. By agreement of counsel, the matter was adjourned until May 3, 1969, at which time the defendant entered a plea of guilty to the said charge. The adjournment was granted so as not to jeopardize a liquor license issued to the defendant's establishment.

"6. At the sentencing, some three months later, on August 14, 1969, the defendant again reiterated his position that no promises or special consideration of leniency were made to him in exchange for his plea of guilty.

"7. There is no showing that the plea of guilty was induced by an unfilled promise by either the prosecuting attorney or court.

"8. An assurance by the prosecuting attorney that another criminal case against the defendant would be *nolle prossed,* although in fact performed, was not in exchange for a plea of guilty.

"9. Counsel for the defendant acted in a competent and well-informed manner in protecting the rights of the defendant."

We consider that this case is clearly distinguishable from *In re Valle* (1961), 364 Mich 471, which is relied on by the defendant. There is nothing in the record here which approaches the statement by the defense attorney found in the record made in open court in *In re Valle, supra,* upon which the decision of the Court there turned:

"I have talked with the prosecuting attorney who informs me that under the circumstances he would not be opposed to probation with a 6-months jail term; and the defendant wishes to enter a plea of guilty to the second count." *In re Valle, supra,* at p 474.

See also *People* v. *Best* (1970), 21 Mich App 156.

Since defendant's plea was accepted on May 22, 1969, we consider that the decisions released by our own Supreme Court on May 8, 1968 command an affirmance here as there is no assertion of innocence nor that there was a miscarriage of justice. *People* v. *Hobdy* (1968), 380 Mich 686; *People* v. *Dunn* (1968), 380 Mich 693; *People* v. *Winegar* (1968), 380 Mich 719.

Affirmed.