PEOPLE *v.* HORVATH

1. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—FORUM.
   The proper forum for entertaining a post-plea allegation of involuntariness of a plea of guilty because it was induced by the existence of an involuntary confession is the trial court.

2. CRIMINAL LAW — PLEA OF GUILTY — VOLUNTARINESS — ILLEGAL CONFESSION.
   An allegation that a plea of guilty was induced by the existence of an involuntary confession, even if true, is legally insufficient to contest the voluntariness of the plea.

Appeal from Wayne, George T. Martin, J. Submitted Division 1 May 14, 1970, at Lansing. (Docket No. 7,861.) Decided August 3, 1970. Rehearing denied September 21, 1970.

Joseph L. Horvath was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*John D. O'Connell,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 487 *et seq.*

Before: Quinn, P. J., and McGregor and Bronson, JJ.

Per Curiam. Defendant, while represented by counsel, pled guilty to the lesser included offense of assault with intent to rob being armed contrary to MCLA § 750.89 (Stat Ann 1962 Rev § 28.284). He was subsequently sentenced to a term of six to ten years imprisonment. Through appointed appellate counsel, defendant filed a timely claim of appeal grounded solely on the contention that the plea was involuntary because defendant failed to expressly admit each and every element of the crime. The people filed a motion to affirm the conviction on the grounds that the question presented is unsubstantial. Subsequently, defendant filed a supplemental brief grounded on the contention that the plea was induced under threats made by a police officer that an alleged involuntary confession would be used if defendant did not plead guilty. This supplemental charge is supported by affidavit. Presently before this Court is the motion to affirm previously filed.

The elements of the crime were explained to the defendant, who expressly indicated that he understood each of them. The record contradicts the contention that defendant did not admit the elements of the crime. *People* v. *Best* (1970), 21 Mich App 156.

The contention raised in defendant's supplemental brief is that the plea was involuntary, having been induced by an existing involuntary confession. This contention is without merit on either of two grounds. First, the proper forum for entertaining a post-plea allegation of involuntariness not supported by the record is the trial court. *People* v. *Dorner* (1970), 24 Mich App 306; *People* v. *Kenny Smith* (1969), 20

Mich App 307; see also Chief Justice T. E. BRENNAN's remarks in *People* v. *Taylor* (1970), 383 Mich 338, at p 359.

Second, assuming the truth of the facts asserted, the allegation is legally insufficient to contest the plea proceeding.  See *People* v. *Temple* (1970), 23 Mich App 651, which adopts the rule recently announced by the United States Supreme Court in *McMann* v. *Richardson* (1970), 397 US 759 (90 S Ct 1441, 25 L Ed 2d 763).  All contrary prior decisions of this Court are hereby superseded.[*]

The motion to affirm is granted.

[*] *People* v. *Carlisle* (1969), 19 Mich App 680; *People* v. *Carlton* (1966), 5 Mich App 20; *People* v. *Daniels* (1966), 2 Mich App 395.