PEOPLE *v*. BARRON

1. CRIMINAL LAW—PLEA OF GUILTY—PLEA BARGAINING.

A fulfilled promise of lenience cannot be grounds for vacating a plea of guilty.

2. CRIMINAL LAW—PLEA OF GUILTY—PRIOR CONFESSIONS.

There is no requirement in guilty plea proceedings that the trial judge must, *sua sponte*, inquire whether defendant had pre-viously made an out-of-court statement.

3. CRIMINAL LAW—PLEA OF GUILTY—APPEAL AND ERROR.

To set aside a conviction based on a plea of guilty, defendant must raise the issue in the circuit court by filing a motion to withdraw his plea in order to provide the Court of Appeals with an adequate record upon which to review his claim of involuntariness without resorting to extraneous affidavits; a defendant may not raise this issue for the first time on a direct appeal of the judgment of conviction.

Appeal from Shiawassee, Michael Carland, J. Submitted Division 2 October 13, 1970, at Lansing. (Docket No. 8,602.)   Decided October 27, 1970.

Stewart Barron was convicted, on his plea of guilty, of breaking and entering a building with intent to commit larceny.   Defendant appeals. Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 485 *et seq*.
[3] 4 Am Jur 2d, Appeal and Error § 271.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Gerald M. Stevens,* Prosecuting Attorney, and *Raymond E. Basso,* Assistant Prosecuting Attorney, for the people.

*Richard G. Burlingame,* for defendant on appeal.

Before: Quinn, P. J., and V. J. Brennan and Ziem,* JJ.

Per Curiam. Defendant pled guilty on October 17, 1969, to a charge of breaking and entering a tavern building with intent to commit larceny,[1] and was sentenced to a term of five to ten years in the state prison. The plea transcript reveals that the trial court adequately advised defendant of his constitutional rights and examined him as to the elements of the crime. GCR 1963, 785.3(2). He now seeks to withdraw his guilty plea and asks this Court to remand his case to the circuit court for trial, asserting that his plea was involuntary because 1) two law enforcement officers promised him leniency, and 2) the trial court failed to inquire whether he had made a prior confession.

On the record before us, the defendant's claims have little substance in the law. The facts show that while a bargain was apparently made, it was subsequently fulfilled and cannot now be grounds for vacating the guilty plea. *People v. Kindell* (1969), 17 Mich App 22, 23; *People v. Jackson* (1969), 20 Mich App 414, 415; *People v. Leflore* (1969), 20 Mich App 588, 589. Secondly, there is also no requirement in guilty plea proceedings that the trial judge must, *sua sponte,* inquire whether defendant had previously made an out-of-court

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305).

statement. *People* v. *Lucy* (1970), 21 Mich App 252, 253; *People* v. *Kinsman* (1970), 21 Mich App 242, 243. It is clear from the substance of the plea that the defendant was pleading guilty because he was in fact guilty. That is our main concern. See *People* v. *Temple* (1970), 23 Mich App 651; *People* v. *Dunn* (1968), 380 Mich 693.

In any event, defendant failed to raise the issue in the circuit court by filing a motion to withdraw his plea. As we have indicated before, it is necessary for defendants to follow this procedure in attempting to set aside a conviction based on a guilty plea in order to provide us with an adequate record upon which to review his claims of involuntariness without resorting to extraneous affidavits. A defendant may not raise this issue for the first time on a direct appeal of the judgment of conviction. *People* v. *Kenny Smith* (1969), 20 Mich App 307; *People* v. *Dorner* (1970), 24 Mich App 306. As this was defendant's only allegation of error, the conviction must be affirmed.

Affirmed.