PEOPLE *v.* CAMERON

1. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS AND TRUTH OF PLEA.

Court of Appeals has no reason to doubt the truth or voluntariness of a plea of guilty where the defendant does not contend that his plea was untruthful or involuntary or made without knowledge of its consequences.

2. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS OF PLEA—SETTING ASIDE PLEA—TRIAL RECORD.

The proper forum for contending that a plea of guilty was involuntarily made, where the trial record does not support the contention, is in the trial court.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J.   Submitted Division 1 October 6, 1970, at Lansing.   (Docket No. 8,637.)   Decided October 27, 1970.

Eugene Cameron was convicted, on his plea of guilty, of rape.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Thomas M. Maher,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 485 *et seq.*

Before: McGregor, P. J., and Bronson and Danhof, JJ.

PER CURIAM. Eugene Cameron was charged with the crime of rape on July 22, 1969 contrary to MCLA § 750.520 (Stat Ann 1954 Rev § 28.788). At that time he was 16 years of age. A hearing was held in Probate Court juvenile division August 26, 1969 before Judge James H. Lincoln. At that time Judge Lincoln granted a waiver of jurisdiction to Recorder's Court. Appellate was then and has been throughout these proceedings, represented by counsel. On September 26, 1969 he appeared before Judge Joseph A. Gillis of the Recorder's Court and tendered a plea of guilty to the charge. On October 10, 1969 he was sentenced to a term of 10–20 years imprisonment. With the assistance of court appointed appellate counsel, defendant has filed a timely claim of appeal. It is contended that the examination of the defendant at the plea proceeding was legally insufficient to support the guilty plea. Moreover, it is contended that defendant was induced to plead guilty on the promise that he would be sent to the Ionia Reformatory where he would receive psychiatric care. The plaintiff has filed a motion to affirm the conviction and sentence on the grounds that the questions presented for review are so unsubstantial as to warrant no argument or formal submission.

It is contended that because of his age at the time of the plea proceeding the court should take special care to insure that defendant understands the nature of the charge and a special effort should be directed to guarantee that the plea is being voluntarily made. The plea transcript clearly demonstrates that these precautions were taken. Defendant does not now contend that his plea was untruth-

ful or involuntary or made without the knowledge of the consequences. This Court has no reason to doubt the truth of the plea or its voluntariness since no contrary contention is now made in that regard.

Presumably defendant's second ground for appeal is that he was induced to plead because of false promises of psychiatric care after commitment. This allegation is not supported by affidavit. Moreover, the proper forum for entertaining a post-plea allegation of involuntariness not supported by the record is the trial court. *People* v. *Dorner* (1970), 24 Mich App 306; *People* v. *Kenny Smith* (1969), 20 Mich App 307; *People* v. *Horvath* (1970), 25 Mich App 649. The motion to affirm is granted.