PEOPLE *v.* MADDOX

1. CRIMINAL LAW—ASSISTANCE OF COUNSEL—SHAM TRIAL—INEFFEC-
   TIVE COUNSEL.
   The sham trial standard for granting relief from a final con-
   viction on the ground of ineffective or incompetent counsel
   arises only when the trial was a sham, a farce shocking to
   the reviewing court, or when the purported representation was
   only perfunctory, in bad faith, a sham, a pretense, or when
   there was inadequate opportunity for preparation and con-
   ference.

2. CRIMINAL LAW—PLEA OF GUILTY—ASSISTANCE OF COUNSEL.
   Defendant failed to demonstrate that he was denied effective
   assistance of counsel where he responded, during the plea
   proceeding, that he was satisfied with the advice of counsel
   and that he was caught in the act.

3. CRIMINAL LAW—PLEA OF GUILTY—PROPER FORUM—VOLUNTARI-
   NESS—TRIAL COURT.
   The proper forum for entertaining a post-plea allegation of in-
   voluntariness not supported by the record is the trial court.

4. CRIMINAL LAW—PLEA OF GUILTY—WAIVER OF JURY TRIAL—VOL-
   UNTARINESS.
   Contention that defendant did not voluntarily waive his right
   to jury trial is without merit where defendant was expressly
   informed by the trial court that by pleading guilty he was
   waiving his right to jury trial or trial before the court without
   a jury and where defendant had signed an express waiver
   of his right to jury trial.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 315.
   Incompetency of counsel chosen by accused as affecting validity
   of conviction. 74 ALR2d 1390.
[3] 21 Am Jur 2d, Criminal Law §§ 485, 486, 505.
[4] 21 Am Jur 2d, Criminal Law § 219.
   49 Am Jur 2d, Jury §§ 61–89.
   Sufficiency of waiver of full jury. 93 ALR 2d 410.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 October 27, 1970, at Lansing. (Docket No. 9346.) Decided December 8, 1970.

Robert Edgar Maddox was convicted of armed robbery. He also was convicted, on his plea of guilty, of unlawfully driving away a motor vehicle. Defendant appeals the guilty plea proceedings. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Gerald F. Wigle,* for defendant on appeal.

Before: McGREGOR, P. J., and BRONSON and DAN-HOF, JJ.

PER CURIAM. With the assistance of counsel, defendant was tried by a jury and convicted on the charge of robbery armed (MCLA § 750.529 [Stat Ann 1970 Cum Supp § 28.797]) on February 4, 1970. The following day defendant appeared with counsel and tendered a plea of guilty to a second charge of unlawfully driving away a motor vehicle. The plea was accepted and on February 20, 1970, defendant was sentenced on the armed robbery conviction by a jury to a term of 25 to 50 years imprisonment. He was also sentenced, on the guilty plea, to the charge of unlawfully driving away an automobile to a term of 23 to 24 months imprisonment. Sentence was imposed by Judge Joseph A. Gillis of the recorder's court. A timely petition

was made for the appointment of appellate counsel
and the subsequent claim of appeal seeks to attack
the validity of the guilty plea proceedings. First,
it is contended that the defendant was denied effec-
tive assistance of counsel; second, it is contended
that the plea was involuntary; and third, it is con-
tended that the defendant did not knowingly waive
his right to trial by jury. The people have filed a
motion to affirm the conviction and sentence.

In an attempt to demonstrate that defendant was
denied the effective assistance of counsel, he points
out that he was able to meet with his court ap-
pointed attorney only four times prior to the guilty
plea proceeding. And that he was advised by his
attorney that "he didn't stand a chance". In *People
v. Degraffenreid* (1969), 19 Mich App 702, 710,
this Court quoted with approval the general prop-
osition of *Williams* v. *Beto* (CA 5, 1965), 354 F2d
698, 704:

" 'It is the general rule that relief from a final
conviction on the ground of incompetent or ineffec-
tive counsel will be granted only when the trial was
a farce, or a mockery of justice, or was shocking to
the conscience of the reviewing court, or the pur-
ported representation was only perfunctory, in bad
faith, a sham, a pretense, or without adequate op-
portunity for conference and preparation.' "

We note that during the plea proceeding defendant
was expressly asked whether he was satisfied with
the advice of counsel. He responded in the affirma-
tive. We also note that when asked why he was
pleading guilty, defendant responded that he was
caught in the act. Under these circumstances it
is apparent that defendant has failed to demon-
strate that he was denied the effective assistance
of counsel.

Defendant contends that his plea was involuntary. This allegation is not supported by the record. As this Court stated in *People* v. *Horvath* (1970), 25 Mich App 649:

"[T]he proper forum for entertaining a post-plea allegation of involuntariness not supported by the record is the trial court. *People* v. *Dorner* (1970), 24 Mich App 306; *People* v. *Kenny Smith* (1969), 20 Mich App 307; see also Chief Justice BRENNAN's remarks in *People* v. *Taylor* (1970), 383 Mich 338, 359".

The final contention of the defendant is that he did not voluntarily waive his right to jury trial. At the plea proceeding, defendant's court appointed counsel informed the court in the presence of the defendant that the defendant had been advised of his right to jury trial. During the court's examination of the defendant, he was expressly informed that by pleading guilty he was waiving his right to jury trial or trial before the court without a jury. Moreover, the record indicates that defendant signed an express waiver of his right to jury trial. This issue is also without merit. Motion to affirm is granted.