PEOPLE v. FERRALL

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 January 5, 1971, at Lansing. (Docket No. 9597.) Decided January 28, 1971.

David P. Ferrall was convicted, on his plea of guilty, of attempted possession of narcotics. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Dominick R. Carnovale*, Chief, Appellate Department, and *Arthur N. Bishop*, Assistant Prosecuting Attorney, for the people.

*Burton L. Borden*, for defendant on appeal.

Before: DANHOF, P. J., and McGREGOR and QUINN, JJ.

PER CURIAM. Defendant pleaded guilty to the offense of attempted possession of a narcotic drug, contrary to MCLA § 750.92 (Stat Ann 1962 Rev § 28.287), and MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123). Following sentencing, defendant appealed as of right. The people have filed a motion to affirm. GCR 1963, 817.5(3).

On appeal, defendant contends that the court erred in accepting his plea because the plea was induced by the promises of his attorney and his own expectation that he would be treated for alleged drug addiction, rather than incarcerated as punishment for the commission of a crime. Defendant also contends, in effect, that the sentencing of a drug addict to prison for possession or attempted possession of narcotic drugs constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

Defendant may not assert for the first time on appeal that his plea was involuntary because induced by representations or promises of his attorney. *People* v. *Kenny Smith* (1969), 20 Mich App 307; *People* v. *Dorner* (1970), 24 Mich App 306; *People* v. *Horvath* (1970), 25 Mich App 649. The constitutional question will not be considered where it is raised for the first time on appeal.

Motion to affirm is granted.