PEOPLE *v.* SUMLIN

1. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—APPEAL AND ERROR.

A direct appeal is not the appropriate means by which to challenge the voluntariness of a plea of guilty.

2. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—BARGAINED PLEA.

A fulfilled promise of charge reduction is not ground for vacating a guilty plea even if the plea was induced by the promise.

3. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWING PLEA—SENTENCING.

A defendant should have reasonable opportunity to withdraw his plea of guilty before sentence is imposed; however, the same latitude is not allowed after the defendant has been sentenced.

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 February 2, 1971, at Lansing. (Docket No. 9480.) Decided March 26, 1971.

Luther Mosley Sumlin was convicted, on his plea of guilty, of unarmed robbery. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 491, 495.
[2] 21 Am Jur 2d, Criminal Law §§ 493, 495.
[3] 21 Am Jur 2d, Criminal Law §§ 504, 506.
Right to withdraw plea of guilty. 20 ALR 1445, s. 66 ALR 628.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Gary W. Brasseur,* for defendant on appeal.

Before: Quinn, P. J., and McGregor and O'Hara,[*] JJ.

O'Hara, J. Charged with armed robbery, MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797), defendant subsequently entered a guilty plea to the lesser offense of unarmed robbery. MCLA § 750-.530 (Stat Ann 1954 Rev § 28.798). The plea was accepted and defendant received a sentence of 5 to 15 years in a correctional institution, with a special recommendation for trade education. From his conviction pursuant to the plea of guilty, defendant appeals directly to this Court.

It has been repeatedly held by the Courts of this state that an appeal is not the appropriate means by which to challenge the voluntariness of a guilty plea. *People* v. *Taylor* (1970), 383 Mich 338, 359, 360; *People* v. *Dorner* (1970), 24 Mich App 306; *People* v. *Kenny Smith* (1969), 20 Mich App 307.

Defendant claims he entered his guilty plea to the lesser offense because of the potential life imprisonment sentence imposable for robbery armed.

We have previously held that "a fulfilled promise of charge reduction is not ground for vacating a guilty plea even if the plea was induced thereby". *People* v. *Jackson* (1969), 20 Mich App 414, 415, citing *People* v. *Kindell* (1969), 17 Mich App 22.

---

[*] Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Whatever be the pressures inherent in the plea-bargaining system, the defendant herein was not compelled to choose from alternatives which offended against constitutional limitations. *North Carolina* v. *Alford* (1970), 400 US 25 (91 S Ct 160, 27 L Ed 2d 162). Whether defendant would have otherwise entered a guilty plea does not render his plea involuntary so long as it was "knowingly and understandingly made with the benefit of counsel". *People* v. *Temple* (1970), 23 Mich App 651, 660. Also, see *McMann* v. *Richardson* (1970), 397 US 759 (90 S Ct 1441, 25 L Ed 2d 763); *Alford, supra.*

An examination of the record clearly establishes the voluntariness of defendant's guilty plea. The learned trial judge made searching inquiries as to the basis for the plea, indicated the consequences which could ensue from such action, and ascertained that defendant had adequate opportunity to consult with counsel prior to the entry of the plea.

Defendant additionally alleges his plea was coerced because he was incarcerated prior to arraignment and was unable to furnish bail. Thus, he concludes he was not able to prepare, nor assist in the preparation of his defense.

In his allegation that pretrial detention prejudicially affected preparations for trial, defendant does not indicate how his efforts were hindered or the nature of the defense, if any, which he otherwise could have offered.

We find no merit in the claim as made. While an accused should be afforded the benefit of a reasonable opportunity to withdraw a guilty plea before sentence, the same latitude is not allowed after sentence is imposed. *People* v. *Severn* (1942), 303 Mich 337.

Under the circumstances we are compelled to conclude, after careful consideration, that there is

no suggestion of a miscarriage of justice, which is required to support setting aside the judgment of conviction entered upon his plea.  MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096).

Affirmed.

All concurred.