PEOPLE *v.* TURRILL

1. CRIMINAL LAW—PLEA OF GUILTY—ELEMENTS OF OFFENSE.
    A defendant who pleads guilty is not required to establish by
    his own testimony each element of the offense.

2. CRIMINAL LAW—PLEA OF GUILTY—COURT'S INQUIRY—OUT-OF-
    COURT CONFESSIONS.
    A trial court is under no obligation to inquire *sua sponte* whether
    a defendant who is pleading guilty had previously offered
    out-of-court admissions or confessions.

3. CRIMINAL LAW — PLEA OF GUILTY — UNFULFILLED PROMISES —
    APPEAL AND ERROR — PRESERVING QUESTION.
    The assertion that a defendant's plea of guilty was involuntary
    because of unfulfilled plea-bargaining promises by the prosecu-
    ting attorney cannot be made for the first time on appeal.

Appeal from Ogemaw, Allan C. Miller, J. Sub-
mitted February 23, 1971, at Grand Rapids. (Dock-
et No. 10005.)  Decided April 2, 1971.

Rodney Merrill Turrill was convicted, on his plea
of guilty, of receiving and concealing stolen proper-
ty. Defendant appeals. Motion to affirm granted.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *William H.
Schaiberger,* Prosecuting Attorney, for the people.

*Raymond L. King,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 545.

Before: R. B. Burns, P. J., and Holbrook and T. M. Burns, JJ.

Per Curiam. By his plea of guilty, defendant was convicted of receiving and concealing stolen property, contrary to MCLA § 750.535 (Stat Ann 1971 Cum Supp § 28.803.) The people have filed a motion to affirm that conviction. GCR 1963, 817.5(3).

It is manifest that the questions presented, on which decision of the cause depends, are so unsubstantial as to need no argument or formal submission.

Defendant was not required to establish by his own testimony each of the elements of the offense. *People v. Donald T. Moore* (1970), 21 Mich App 150; *People v. Melvin* (1969), 18 Mich App 652; *People v. Bartlett* (1969), 17 Mich App 205. The record contains a factual basis for the truth of the plea. *Bartlett, supra.* The trial court did explain to defendant his right to a trial by jury. The court was under no obligation *sua sponte* to inquire whether defendant had previously offered out-of-court admissions or confessions. *People v. Osterhout* (1970), 25 Mich App 238. Finally, the assertion that defendant's plea was involuntary because of unfulfilled plea-bargaining promises by the prosecuting attorney cannot be made for the first time on appeal. *People v. Horvath* (1970), 25 Mich App 649; *People v. Minson* (1970), 24 Mich App 692; *People v. Dorner* (1970), 24 Mich App 306; *People v. Kenny Smith* (1969), 20 Mich App 307.

Motion to affirm is granted.