PEOPLE *v* GINTHER

1. CRIMINAL LAW — ASSISTANCE OF COUNSEL — REPLACEMENT OF
   COURT-APPOINTED COUNSEL.
   Refusal by the trial court to grant defendant's request to
   have his court-appointed counsel discharged and replaced with
   another was not error where aside from defendant's bare as-
   sertion that counsel "didn't show much interest", there is
   nothing in the record to show that his counsel was incompetent.

2. CRIMINAL LAW—CHANGE OF VENUE—PREJUDICE.
   Refusal by the trial court to grant defendant's request for a
   change of venue was not error where defendant failed to make
   a showing of prejudice on the part of the trial judge.

3. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—APPEAL AND
   ERROR.
   A direct appeal is not the appropriate method by which to chal-
   lenge the voluntariness and truthfulness of a plea of guilty.

4. CRIMINAL LAW—PLEA OF GUILTY—COERCED CONFESSION.
   A plea of guilty vitiates any claim of want of due process in
   securing a confession.

Appeal from Lenawee, Rex B. Martin, J. Sub-
mitted Division 2 February 1, 1972, at Detroit.
(Docket No. 12074.)  Decided February 29, 1972.
Leave to appeal denied, 387 Mich 800.

Herbert E. Ginther was convicted, on his plea of
guilty, of breaking and entering.  Defendant appeals.
Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 315.
[2] 21 Am Jur 2d, Criminal Law § 438.
[3] 21 Am Jur 2d, Criminal Law § 486.
[4] 21 Am Jur 2d, Criminal Law § 485.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harvey A. Koselka,* Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *Martin I. Reisig,* Assistant Defender, for defendant on appeal.

Before: Danhof, P. J., and T. M. Burns and Van Valkenburg,* JJ.

Per Curiam. Defendant pled guilty to breaking and entering contrary to MCLA 750.110; MSA 28-.305, was sentenced to 7 to 10 years in prison, and appeals as of right.

Defendant attempted to offer a plea of guilty at his arraignment; however, the plea was not accepted by the trial court since defendant did not relate sufficient facts to set forth a factual basis upon which to accept the plea. Subsequent to the arraignment, defendant wrote a letter to the trial court requesting that new counsel be appointed to represent him and that a change of venue be granted. A hearing was held pursuant to that letter. Defendant indicated that he wanted a new appointed counsel because his appointed counsel "didn't show much interest". Defendant wanted a change in venue because "I have been in front of you [the trial judge] five times". The trial court told defendant that he would not appoint new appointed counsel, but that defendant could represent himself. Defendant decided to keep his appointed counsel. The trial court denied the request for change of venue. Later, the defendant offered his guilty plea, which was accepted.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Defendant here asserts that reversible error resulted by reason of the trial court's failure to appoint another attorney as his counsel and to grant his request for change of venue. Aside from defendant's bare assertion that appointed counsel "didn't show much interest", there is nothing in the record to show that his appointed counsel was incompetent. Therefore, no error resulted from the trial court's refusal to appoint another attorney. See *People* v *LaMarr,* 1 Mich App 389 (1965) ; *People* v *Edwards,* 18 Mich App 526 (1969) ; *People* v *Henderson,* 30 Mich App 675 (1971).

Further the trial court did not err in refusing to grant defendant's request for a change of venue. Since defendant failed to make a showing of prejudice on the part of the trial court, his unfounded fears will not suffice to mandate disqualification of the trial judge. GCR 1963, 405.1, 405.2; *Wayne County Prosecutor* v *Doerfler,* 14 Mich App 428, 440–441 (1968).

Defendant also asserts that his plea was not voluntary and that he was denied due process of law by reason of a coerced confession. A direct appeal is not the appropriate method by which to challenge the voluntariness and truthfulness of a guilty plea. *People* v *Taylor,* 383 Mich 338, 359–360 (1970); *People* v *Kenny Smith,* 20 Mich App 307 (1969) ; *People* v *Dorner,* 24 Mich App 306 (1970) ; *People* v *Sumlin,* 32 Mich App 1 (1971). Defendant's plea of guilty vitiates his claim of want of due process in securing of the confession. *People* v *Temple,* 23 Mich App 651 (1970) ; *People* v *Knopek,* 31 Mich App 129 (1971). See, also, *McMann* v *Richardson,* 397 US 759 ; 90 S Ct 1441 ; 25 L Ed 2d 763 (1970).

Affirmed.