PEOPLE v ADAMS

1. CRIMINAL LAW—PLEA OF GUILTY—UNDERSTANDING PLEA—WAIVER OF RIGHTS.

The record shows that a defendant had knowledge of the constitutional rights he was waiving by pleading guilty where defendant was exercising his constitutional rights at his jury trial with counsel when he decided to plead guilty and the trial judge then informed him of the charge and possible penalty, that he was in the trial before a jury, that he did not have to take the witness stand, that he had a right to remain silent, and that the prosecutor had the duty to produce witnesses who would have to convince the court or the jury of his guilt beyond a reasonable doubt.

2. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA.

The trial court did not err in stating that he would not permit defendant to withdraw his plea of guilty, made after trial commenced, except in most unusual circumstances, since there is no absolute right to withdraw a guilty plea.

Appeal from Kent, Stuart Hoffius, J. Submitted Division 3 June 6, 1972, at Grand Rapids. (Docket No. 12430.) Decided July 25, 1972.

Donald Adams was convicted, on his plea of guilty, of assault with a deadly weapon. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,*

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 485–489.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof, 97 ALR2d 549.

[2] 21 Am Jur 2d, Criminal Law §§ 504–506.

Right to withdraw plea of guilty, 20 ALR 1445 s. 66 ALR 628.

Prosecuting Attorney, and *Donald A. Johnston, III,* Chief Appellate Attorney, for the people.

*Stewart A. Christian,* for defendant on appeal.

Before: R. B. BURNS, P. J., and LEVIN and TARGONSKI,* JJ.

R. B. BURNS, P. J. Defendant's jury trial was interrupted and he pled guilty to assault with a deadly weapon. MCLA 750.82; MSA 28.277.

Defendant's first claim of error concerns the propriety of his guilty plea examination. It is well settled that a guilty plea to be valid must be "understandingly and voluntarily made". GCR 1963, 785.3(2); *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969); *People v Jaworski,* 387 Mich 21 (1972). To "understandingly and voluntarily" enter a plea of guilty the accused must have knowledge of the constitutional rights he is waiving by pleading guilty. Both *Boykin* and *Jaworski, supra,* require a record showing that the accused was aware of (1) the right to a jury trial; (2) the right to confront one's accusers; and (3) the privilege against self-incrimination. The trial court informed defendant as follows:

"You have just heard read to you the criminal charge against you which charges you with felonious assault. The maximum penalty, if you plead guilty or are found guilty, is up to four years in prison and/or a fine of $2,000. It is a felony and it is known as felonious assault, and as you know, you are now in the trial of the matter before a jury, and, as you have heard, you do not have to take the witness stand. You have the right to remain silent and it would be the duty of the prosecuting attorney to produce witnesses who would

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

have to convince the court or the jury beyond a reasonable doubt of your guilt."

This information along with the fact that defendant was exercising his constitutional rights at trial when he decided to plead guilty convinces this Court that defendant knowingly waived them. Defendant admitted committing the crime and was adequately informed of his rights by both the trial court and his trial counsel.

Next, defendant contends it was error for the trial court to state that it would not permit him to withdraw his plea except in the most unusual circumstances because a trial had already been commenced. We find no error. There is no absolute right on the part of an accused to withdraw a guilty plea prior to sentencing. In addition, defendant did not move to have his plea set aside either before or after sentencing. *People v Zaleski,* 375 Mich 71 (1965); *People v Whitmer,* 16 Mich App 703 (1969); *People v Malone,* 385 Mich 769 (1971).

Lastly, defendant claims he was not given credit for time spent in custody prior to sentencing on his guilty plea. The record clearly shows that after this fact was brought to the trial court's attention he was given credit for this period of incarceration.

Affirmed.

All concurred.