PEOPLE v KENNETH JONES

CRIMINAL LAW—PLEA OF GUILTY—CONSTITUTIONAL LAW—SELF-IN-
CRIMINATION—WAIVER.

Once a defendant is advised of his right against self-incrimina-
tion, his right to a jury trial, and his right to confront his
accusers, and he chooses to waive those rights by pleading
guilty, it is totally unnecessary that the court then advise him
that if he does not waive those rights by not pleading guilty he
would still have those rights at a later time of trial, because by
knowingly waiving his right to trial, the defendant avoids the
necessity of being advised of what his rights would be if he did
not waive that right.

Appeal from Washtenaw, Ross W. Campbell, J.
Submitted Division 2 January 8, 1973, at Lansing.
(Docket No. 12069.) Decided February 26, 1973.
Leave to appeal denied, 389 Mich 801.

Kenneth A. Jones was convicted, on his plea of
guilty, of armed robbery. Defendant appeals. Af-
firmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William F. Delhey,*
Prosecuting Attorney, and *Arthur E. Lux,* Assist-
ant Prosecuting Attorney, for the people.

*Judith K. Munger,* Assistant State Appellate
Defender, for defendant.

Before: BRONSON, P. J., and MCGREGOR and DAN-
HOF, JJ.

PER CURIAM. On May 14, 1971, defendant pled

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 495.

guilty to armed robbery, in violation of MCLA 750.529; MSA 28.797, and was subsequently sentenced to a term of imprisonment of 20 to 40 years.

Defendant was informed of his right to a preliminary examination, but stated that he wished to enter a plea of guilty at that time.

In *People v Jaworski,* 387 Mich 21 (1972), the Court held that the record must affirmatively show that the trial court informed the defendant and received a waiver of the defendant's constitutional rights, of his right against self-incrimination, his right of trial by jury, and his right to confront his accusers.

In the instant case, defendant was advised of his right against self-incrimination as follows:

*"The Court:* Mr. Jones, with a full understanding that anything that you say may be used against you and probably will be used against you, are you willing to waive your privilege against self-incrimination and be sworn to tell the truth concerning the matter now pending before this court?

*"Defendant:* Yes."

Defendant contends that his guilty plea was constitutionally defective because he was not advised that his right against self-incrimination would be effective at any subsequent trial.

The record in this case is unlike the record in *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969), or *People v Jaworski, supra,* where no reference whatsoever was made to defendant's constitutional right against self-incrimination. Neither *Boykin* nor *Jaworski* required any specific form or the mouthing of any "magic"

words. In substance, defendant's right against self-incrimination was explained to him in open court and he chose to relinquish this known right. The fact that the trial court did not further state that, if defendant chose to have a jury trial, he would still have the same right against self-incrimination has no bearing on the validity of his waiver at the time of the taking of his guilty plea. It is obviously not necessary for the trial court to advise the defendant that he will have certain constitutional rights tomorrow if he does not waive them today. What is necessary for a valid guilty plea is that the defendant be advised of his constitutional rights and that he intelligently and understandingly waive those rights. Once defendant is advised of his right against self-incrimination, his right to a jury trial, and his right to confront his accusers, and he chooses to waive those rights by pleading guilty, it is totally unnecessary that the court then advise him that if he does not waive those rights by not pleading guilty, he would still have those rights at a later time of trial. By knowingly waiving his right to trial, defendant voids the necessity of being advised of what his rights would be if he did not waive that right. Defendant's contention approaches what, in logic, is termed *reductio ad absurdum.*

Since the transcript of the proceedings in which defendant's plea was taken reveals that the trial court expressly informed the defendant of his constitutional rights, his right against self-incrimination, his right to trial by jury, and his right to confront his accusers, and that defendant specifically waived each of those rights, there was no reversible error.

Affirmed.