PEOPLE v JAMES

1. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—PROMISES OF
   LENIENCY—RELATIVES.

   A promise of leniency for a relative is not, of itself, coercive
   enough to vitiate a guilty plea as a matter of law; the question
   in each case is whether the inducement for the guilty plea was
   one which necessarily overcame defendant's ability to make a
   voluntary decision.

2. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—PROMISES OF
   LENIENCY—RELATIVES.

   A defendant's claim on appeal that he offered his plea of guilty
   because he was coerced to do so by a threat of prosecution of
   his wife is without merit where the record shows that defend-
   ant unequivocally stated at the time of his plea that there had
   been no threats, that his plea was voluntary and that everyone
   concerned had been fair in dealing with him.

3. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—POST-PLEA AL-
   LEGATIONS—TRIAL COURT—PROPER FORUM.

   The proper forum for entertaining a post-plea allegation of invo-
   luntariness of a plea of guilty on some basis not supported in
   the record is the trial court.

4. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS—DRUGS AND
   NARCOTICS—DELIVERY OF HEROIN—EVIDENCE.

   A defendant's claim on appeal that the trial court did not elicit a
   sufficient factual basis before accepting his plea of guilty of
   delivery of heroin is without merit, where defendant, in re-
   sponse to questions by the trial court, admitted that he did in
   fact transfer narcotics to some person, although he could not
   remember to whom, on the date in question, and further
   indicated the narcotic transferred was heroin.

5. CRIMINAL LAW—PLEA OF GUILTY—DRUGS AND NARCOTICS—NAR-
   COTIC INTOXICATION—EVIDENCE.

   A defendant's claim on appeal that his plea of guilty of delivery

REFERENCES FOR POINTS IN HEADNOTES
[1–6] 21 Am Jur 2d, Criminal Law § 484 et seq.
   29 Am Jur 2d, Evidence §§ 523–596.

of heroin should not have been accepted because he was suffering from narcotic intoxication at the time of the crime is without merit where there was absolutely no support for the assertion that he was suffering from drug intoxication at the time of the crime.

6. CRIMINAL LAW—PLEA OF GUILTY—SELF-INCRIMINATION—RIGHT TO REMAIN SILENT—ADVERSE INFERENCES—COURT RULES.

A trial judge as part of guilty plea proceedings is required to instruct a defendant of his right against self-incrimination and that if he went to trial and did not take the stand no adverse inference could be drawn from his decision to exercise his right to remain silent; this instruction is required by court rules for all pleas taken after June 1, 1973, but pleas prior to that date are proper even though defendant was not informed of the fact no adverse inference can be drawn (GCR 1963, 785.7[1][d][iv]).

Appeal from Jackson, Charles J. Falahee, J. Submitted Division 2 February 5, 1974, at Lansing. (Docket No. 16844.) Decided March 28, 1974.

Jimmie C. James, also known as Jack Banks, was convicted of larceny in a building and, on his plea of guilty, of delivery of heroin. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *James M. Justin,* Chief, Appeals Division, for the people.

*Allan C. Miller,* Assistant State Appellate Defender, for defendant.

Before: BRONSON, P. J., and QUINN and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. Defendant pled guilty to delivery of heroin,[1] and was sentenced to 7-1/2 to

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a).

20 years in prison, to be served consecutive to the 1-1/2 to 4-year sentence for larceny in a building he received on the same day.[2] Defendant appeals as of right, raising four issues, only one of which merits any extensive discussion.

At the plea proceedings it was placed on the record that as part of the plea bargain agreement the prosecutor, in addition to dismissing two other charges pending against defendant, would dismiss two pending heroin possession charges against defendant's wife. While the record clearly reflects that defendant was concerned whether his plea would insure that the charges against his wife would be dismissed, defendant unequivocally stated that no threats had been made, that he was pleading guilty voluntarily, and that he was pleading guilty because he felt he was in fact guilty. Defendant also twice volunteered that the prosecutor had been fair. Defendant further expressed satisfaction with his attorney, indicated that his attorney had backed him up all the way, and indicated that everyone else had been fair.

On appeal, defendant's appellate counsel argues that reversal and remand for a new trial is mandated by the fact that the record herein establishes that defendant was coerced into entering his plea by reason of the threat of prosecution of his wife, if he did not plead guilty. Clearly appellate counsel has misconstrued the applicable legal principles and the facts of this case in arriving at that conclusion. As to the applicable rule of law, the majority opinion in *People v Forrest,* 45 Mich App 466, 469; 206 NW2d 745, 747 (1973), states:

"The majority of jurisdictions which have passed on

---

[2] The consecutive sentence is pursuant to the provisions of MCLA 768.7b; MSA 28.1030(2), since the narcotics charge considered herein was committed while defendant was on bond for the larceny charge.

this question have held that a promise of leniency for a relative is not, of itself, coercive enough to vitiate a guilty plea as a matter of law. Instead, the question in each case is whether the inducement for the guilty plea was one which necessarily overcame the defendant's ability to make a voluntary decision."[3]

It is thus obvious that the fact that defendant herein expressed a concern that his plea would result in the dismissal of the charges against his wife, and entered into a plea bargain agreement to secure the dismissal, does not as a matter of law constitute coercion such as would mandate reversal.

Appellate counsel is equally wrong in asserting that the record herein provides an adequate basis upon which a determination can be made that defendant offered his plea because he was coerced to do so by the threat of prosecution of his wife, if he did not offer the plea. As noted previously, defendant unequivocally stated at the time of his plea that there had been no threats, that his plea was voluntary and that everyone concerned had been fair in dealing with him. Certainly defendant's attestations at the plea proceeding belie any present assertion that there was some overt threat by the prosecutor or his trial counsel that his plea was the *sine qua non* to the continued freedom of his allegedly innocent wife.

On the record presented to us in this appeal, we cannot say, either as a matter of law or a matter of fact, that the plea was involuntarily given. Defendant, through his appellate counsel, has chosen to rely on the rather narrow question of whether this record provides a basis for holding

---

[3] It would not appear that Judge T. M. BURNS in his dissent in *Forrest* disagreed with this statement, since in his dissent he speaks of the fact the concern for the fate of a family member "can result in coercion" rather than that it "does result in coercion".

that the plea was not voluntary, rather than move in the trial court to withdraw the plea and hold an evidentiary hearing from which the trial court could determine whether there was indeed facts to indicate that the plea was involuntary and coerced. The proper forum for entertaining a post-plea allegation of involuntariness on some basis not supported in the record is the trial court.[4] To the extent that the assertion of lack of voluntariness is based on facts not in the record, the question has not been properly before this Court for appellate review; and to the extent that defendant relies on the facts contained in this record, we find that there is not a sufficient basis to warrant reversal and remand.

Defendant's assertion that the trial court did not elicit a sufficient factual basis before accepting the plea is wholly without merit. Defendant, in response to questions by the trial court, admitted that he did in fact transfer narcotics to some person, although he could not remember who, on the date in question, and further indicated the narcotic transferred was heroin.

Assuming *arguendo* that to convict for the actual transfer of narcotics within the meaning of MCLA 335.341(1); MSA 18.1070(41) requires a specific intent that thereby makes the question of intoxication germane,[5] defendant's assertion that

---

[4] *See People v Kenny Smith,* 20 Mich App 307; 174 NW2d 8 (1969); *People v Dorner,* 24 Mich App 306; 180 NW2d 201 (1970); *People v Horvath,* 25 Mich App 649; 181 NW2d 646 (1970); *People v Maddox,* 28 Mich App 583; 184 NW2d 481 (1970); *People v Sumlin,* 32 Mich App 1; 188 NW2d 144 (1971); *People v Ginther,* 39 Mich App 113; 197 NW2d 281 (1972). *See also* the comments of Justice T. E. BRENNAN in *People v John Robert Taylor,* 383 Mich 338, 359; 175 NW2d 715, 725 (1970) and *People v Robert Taylor,* 387 Mich 209; 195 NW2d 856 (1972).

[5] The validity of this underlying assumption is in itself questionable. *See People v Rios,* 386 Mich 172, 178; 191 NW2d 297, 300 (1971), which set forth the elements of sale of narcotics under the prior statutes, but gave no indication that there was any specific intent.

the plea herein should not have been accepted, because defendant was suffering from narcotic intoxication at the time of the crime, is without foundation or merit. While defendant did admit that he was a drug addict, there is absolutely no support for the assertion that he was suffering from drug intoxication at the time of the crime. Neither does the mere fact that defendant was a drug addict sufficiently suggest that there was a real possibility that defendant was intoxicated so as to require that the court *sua sponte* inquire as to the possible existence of such a defense.

Defendant also asserts that he was not adequately informed of his right against self-incrimination because the trial judge failed to inform him of the fact that if he went to trial and did not take the stand no adverse inference could be drawn from his decision to exercise his right to remain silent. While such an instruction is required by GCR 1963, 785.7(1)(d)(iv) for all pleas taken after June 1, 1973, this Court has repeatedly held that pleas prior to that date are proper even though defendant was not informed of the fact no adverse inference can be drawn. See *People v Melvin Jones,* 40 Mich App 368; 198 NW2d 768 (1972); *People v Adams,* 42 Mich App 171; 201 NW2d 340 (1972); *People v Kenneth Jones,* 45 Mich App 351; 206 NW2d 477 (1973), *lv den* 389 Mich 801 (1973); *People v Killingbeck,* 49 Mich App 380; 212 NW2d 256 (1973).

Affirmed.

All concurred.