William H. ENGLING, Appellant,

v.

Sherman H. CROUSE, Warden, Kansas State Penitentiary, Appellee.

No. 8446.

United States Court of Appeals Tenth Circuit.

March 1, 1966.

cedure Act § 8(b) ; United States v. Forness, 125 F.2d 928, 942 (2 Cir. 1942).

Donald J. Fisher, Denver, Col., for appellant.

Richard H. Seaton, Asst. Atty. Gen. (Robert C. Londerholm, Atty. Gen., on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

This is an appeal from a denial of a petition for a writ of habeas corpus entered in the court below after an evidentiary hearing. Petitioner is presently confined in the Kansas State Penitentiary serving two consecutive terms of life imprisonment imposed after his plea of guilty to two counts of first degree murder. He has exhausted his available state remedies.

While several issues were presented to the court below, the sole ground urged here for reversal is that appellant's constitutional rights were violated in the state court proceedings in that he was denied counsel when he appeared before a Justice of the Peace and waived preliminary hearing.[1]

It appears without question that after his arrest, Engling was taken before a Justice of the Peace where he was advised of his right to be represented by counsel but no counsel was appointed at that time to represent him. Appellant stated he did not desire to employ counsel. The Justice of the Peace then further advised appellant of his right to a preliminary hearing which he waived. At the time, he did not plead, nor was he called upon to do so. Furthermore, he made no statement and did nothing that was prejudicial.

The Justice of the Peace bound appellant over to the District Court on two counts of first degree murder and one count of attempted murder. The District Court then appointed two attorneys to represent appellant in the state court proceedings. One of those attorneys testified at the hearing below. He related that together with his co-counsel, he conducted a thorough investigation into the charges and, after recognizing the strong case the state had against Engling, advised him to plead guilty, which he did, but only to the two counts of first degree murder. The attempted murder charge was dismissed by the county attorney.

Although appellant asserted that some mention of a plea was made when he appeared before the Justice of the Peace, the journal entry from the Justice of the Peace Court showed that no plea was made. The applicable Kansas statutes controlling preliminary hearings made no requirement that a plea be entered at that stage of the proceeding.[2] No claim is made that incriminating statements were made at this time or that the appellant did anything of an incriminating nature, which was prejudicial to his cause. Under identical circumstances, we recently held in Latham v. Crouse, 10th Cir., 320 F.2d 120, cert. denied 375 U.S. 959, 84 S.Ct. 449, 11 L. Ed.2d 317, that if a showing is made that no prejudice resulted, failure to furnish counsel at the time a preliminary hearing was waived does not abridge a constitutional right. Furthermore, a voluntary plea of guilty understandingly entered by appellant while represented by two able court appointed counsel was a waiver of all non-jurisdictional defects if it is shown that prejudice did not result from such defects. Pearce v. Cox, 10th Cir., 354 F.2d 884 (filed Dec. 22, 1965); Lattin v. Cox, 10th Cir., 355 F.2d 397 (filed Jan. 24, 1966), and the cases cited therein. The trial court expressly found that the pleas of guilty were voluntarily and understandingly made and the record

1. Petitioner did not present any oral evidence in the trial court in support of his several points raised there. From the exhibits and the oral testimony adduced by respondent the trial judge made factual findings which disposed of all other points raised by petitioner.

2. G.S.Kan. (1949) 62–610 et seq. Also see State v. Pigg, 80 Kan. 481, 103 P. 121, where the Kansas Supreme Court sets forth the purpose of a preliminary hearing.

fully supports such a finding. The respondent's evidence also affirmatively shows that no prejudice to appellant resulted from any claimed prior procedural defects.

Affirmed.