Mitchell **SOBOTA**, Appellant,

v.

Felix **RODRIGUEZ**, Acting Warden, New Mexico State Penitentiary, Appellee.

No. 9065.

United States Court of Appeals
Tenth Circuit.

Jan. 19, 1967.

Melvin T. Yost, Santa Fe, N. M., for appellant.

L. D. Harris, Special Asst. Atty. Gen., Albuquerque, N. M. (Boston E. Witt, Atty. Gen., Santa Fe, N. M., with him on the brief), for appellee.

Before PICKETT and SETH, Circuit Judges, and BROWN, United States District Judge.

PER CURIAM.

This habeas corpus case is here for the second time. Appellant Sobota, a prisoner in the New Mexico State Penitentiary brought this action to šet aside the judgment and sentence, alleging that he had been denied counsel at a preliminary hearing and that he did not voluntarily and understandingly enter a plea of guil-

ty. When the case was first heard by the United States District Court for the District of New Mexico, Sobota testified that his request to be represented by an attorney at his preliminary hearing had been denied. An attorney was appointed to represent him when the information charging him with armed robbery was filed in the state district court. He also testified that at the time of his arrest he was on parole from the State of Illinois and advised his attorney that he desired to be returned there as a parole violator; that his attorney responded to the effect that this might be arranged if he pled guilty; that when he appeared before the district court for arraignment, his attorney told him to plead guilty and "they will send you back." This testimony was unchallenged, and we reversed the order of dismissal and remanded the case for the taking of additional evidence. Sobota v. Cox, 10 Cir., 355 F.2d 368.

When the matter was heard on the remand, Sobota's testimony was substantially the same as that previously given. The state offered the affidavit of the New Mexico District Attorney who handled the criminal prosecution, wherein he specifically denied that Sobota or his attorney were promised that Sobota would be returned to the State of Illinois as a parole violator if a plea of guilty were entered. The affidavit also shows that Sobota's attorney was permitted to examine the files of the prosecution and to see everything the state had in the way of evidence.

The affidavit of John E. Perry, the appointed attorney for Sobota, was offered. As is usual in these cases where considerable time has elapsed, the attorney had very little independent recollection of the details of the case. He did recall that he examined the entire file of the District Attorney, which disclosed the evidence to be used to establish the guilt of the accused. It was also stated that Perry believed that Sobota told him that he was on parole from a midwestern state and that he preferred to be returned there as a parole violator. He stated it was quite possible that he told Sobota that "he would see what could be done about it." The attorney also stated that he had no recollection of having advised Sobota that he would be returned to another state if he entered a plea of guilty and "such recollection as he has is to the effect that he and Judge Zinn [the Presiding Judge] both advised the defendant of his rights." [1] The record does not disclose that Sobota made any objection when the sentence was pronounced.

The District Attorney having specifically denied that any promise was made to Sobota's attorney if a plea of guilty were entered, and there being no evidence that any law enforcement official made any promise to Sobota's counsel, the court found that "Mr. Perry, a responsible and reputable lawyer did not make a false statement or a false promise to petitioner." We agree with the trial court that at this late date, the petitioner's testimony should be viewed "with extreme caution." Considering the record as a whole, the finding is not clearly erroneous. Furthermore, there are decisions which hold that a petitioner's unsupported testimony that his court-appointed attorney had misrepresented to him the existence of such an agreement does not ordinarily require the setting aside of his guilty plea on collateral attack. See, e. g., Dorsey v. Gill, 80 U.S. App.D.C. 9, 148 F.2d 857, cert. denied 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003; Moore v. United States (N.D. Tex.), 236 F.Supp. 621, aff'd 334 F.2d 25.

Sobota, having voluntarily and understandingly pleaded guilty to the

1. Perry's affidavit also contained this statement:
   "It has never been affiant's practice to advise criminal defendants what sentence they might or would receive, but it is affiant's practice to advise criminal defendants of the sentence. Affiant only has suggested a possible sentence to any criminal defendant when there had been agreement between him and the District Attorney on what recommendation might be made, but affiant further advised the defendant that the court would and could do what it shows."

crime charged in the state district court, waived the procedural defects which occurred at the preliminary hearing. Engling v. Crouse, 10 Cir., 357 F.2d 267, cert. denied 379 U.S. 907, 85 S.Ct. 202, 13 L.Ed.2d 180; Pearce v. Cox, 10 Cir., 354 F.2d 884.

Affirmed.