**Jerry W. McGUFFEY, Petitioner,**

v.

**John W. TURNER, Warden, Utah State Prison, Defendant.**

**No. C 23–67.**

United States District Court
D. Utah,
Central Division.

May 4, 1967.

Richard Richards, of Froerer, Horowitz, Parker, Richards, Thornley & Critchlow, Ogden, Utah, for petitioner.

C. Van Drunen, Chief Deputy Atty. Gen. (Phil L. Hansen, Atty. Gen., of the State of Utah on the pleadings) for defendant.

## MEMORANDUM DECISION

CHRISTENSEN, District Judge.

Jerry McGuffey, a state prisoner, claims in his petition for a writ of habeas corpus here that he has been deprived in state proceedings of assistance of counsel, was forced to confess guilt and was deprived of his liberty without due process in violation of his rights under the federal Constitution. Exhaustion of state remedies is shown. Upon his petition this court issued a writ of habeas corpus to accord an evidentiary hearing with the petitioner present, and such hearing was set for the 10th of March, 1967. On March 8, 1967, counsel for the respective parties filed a written stipulation that no witnesses need be called at the hearing and that each side would rely wholly upon the transcript of the record made in habeas corpus proceedings before the state court, which record at the hearing was produced by the State of Utah and received in evidence. The case has been argued and is now before the court for decision whether the writ should be made permanent and the defendant discharged unless the state permits him to withdraw his plea of guilty and accords him a trial, or whether the writ should be vacated and the petition dismissed.

The petitioner and his wife were jointly charged in the District Court of the Sixth Judicial District of the State of Utah with the crime of robbery, a felony under state law punishable by imprisonment for not less than five years and which may be for life. Such an indeterminate sentence was imposed by the state court upon a plea of guilty after it was discovered that his representations concerning the absence of prior difficulty had not been true. After petitioner had commenced the service of his sentence he sought and obtained an order for his release on writ of habeas corpus from the District Court of the Third Judicial District, State of Utah, within which district the Utah State Prison is located. The state filed an appeal but thereafter, according to the statement of the Deputy Attorney General, asked that the appeal be dismissed on the belief that the granting of the writ by the lower court was justified. The Supreme Court declined to dismiss the appeal and upon briefs being filed reversed the judgment of the lower court, concluding:

"It is our opinion that in this case there was an effective and intelligent waiver of counsel; that the petitioner was not coerced into entering a plea of guilty; and that the sentencing court fully and fairly explained to him the consequences of a plea of guilty. We believe that the learned trial judge was in error in holding that the petitioner should be released on habeas corpus, and we reverse that holding with directions to the trial court to quash the writ and remand the prisoner to the custody of the Warden of the

State Prison." McGuffey v. Turner, 18 Utah 2d 354, 423 P.2d 166 (1967).

At the hearing before me the Deputy Attorney General, as counsel for the defendant Warden, frankly stated that the Attorney General's Office had unsuccessfully moved to dismiss the appeal in the state court and took the position that it could not oppose the granting of the writ here. This is a case which, not unusual otherwise, involves the anomalous situation of the lower state court's granting a writ, the Supreme Court's reversing the lower court and vacating the writ and the state through its executive representative here confessing error, so to speak, on the part of the State Supreme Court and interposing no objection to the granting of the writ in the case. In view of these circumstances, the guiding authorities, concerning the effect of state action on federal inquiry in habeas corpus matters, keyed as they are to arguments that state determinations against the prisoner are not necessarily controlling, throw limited light upon this peculiar problem.

■■■ I have concluded that this court under the circumstances may not discharge the defendant as it were by consent but must examine the propriety of such discharge governed by the same criteria as would be applicable to a contested petition. While the suggestion of error on the part of the Attorney General's Office may commend a hospitable view of the arguments in favor of the writ, the disposition made by the Supreme Court may not be lightly dismissed since it was its prerogative, and not that of the Attorney General's Office, to decide whether a motion to dismiss the appeal should have been granted.

■ There is one other procedural matter which must be noted. At the hearing before me no witnesses were offered by either party. This is not to say, however, that an evidentiary hearing has not been held. An evidentiary hearing having been granted, with leave to the petitioner to appear, both sides being content with submission on the basis of the testimony before the state court, and no other evidence being offered, the case must be viewed not as one in which an evidentiary hearing has not been held and where the factual claims of the petitioner must be taken as true, together with reasonable inferences to be drawn therefrom, but one in which the evidence must be weighed by the fact finder to the extent that the issues are not deemed fairly concluded by the state court proceeding.

In Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1962), the Supreme Court said:

"We hold that a federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing."

See also Hall v. Page, 367 F.2d 352 (10th Cir. 1966); Burns v. Crouse, 353 F.2d 489 (10th Cir. 1965); Pate v. Page, 325 F.2d 567 (10th Cir. 1963), cert. denied 379 U.S. 909, 85 S.Ct. 205, 13 L.Ed.2d 181.

A hearing was granted in the federal court but there still remains the problem, adverted to in another aspect above, whether the final determination by the State Supreme Court that petitioner's constitutional rights were not violated or the finding in the lower court that they were, constitutes such an appropriate resolution of the problem by state authority as to be acceptable by this court within the spirit of Townsend v. Sain.

■ The findings of fact by the state district court are of little help. On the controverted issues there are only two findings made: Finding number 2 finds

that "The petitioner was impecunious and without funds to employ counsel and was not properly advised of his rights to have counsel appointed prior to the preliminary hearing and submitted to a waiver of preliminary hearing without the advice of legal counsel." The preliminary hearing under the circumstances was not such a critical phase of the prosecution as to render the found facts determinative, as hereafter will be seen. In finding number 3 the state court found that "The petitioner entered a plea of guilty to the charge of robbery without the advice of counsel and with the reasonable belief that such was necessary to obtain the release of his wife and prevent her prosecution for the crime of robbery and therefore such plea was not voluntarily entered." While the finding is that the plea of guilty was entered without the advice of counsel, there is no finding whether the right to counsel after the preliminary hearing but before the plea was voluntarily and advisedly waived. The fact that a plea was entered with the reasonable belief that this was necessary to prevent her prosecution, would not necessarily indicate that the plea was coerced or inadvisedly made otherwise, or even that it was involuntarily made. As is pointed out in Allen v. Rodriquez, 372 F.2d 116 (10th Cir. 1967), a desire to protect one's wife from prosecution does not of itself render a plea involuntary. "The important thing is that the plea be genuine and that he (the defendant) not be deceived or coerced." Cortez v. United States, 337 F.2d 699 (9th Cir. 1964), cert. denied 381 U.S. 953, 85 S.Ct. 1811, 14 L.Ed.2d 726. One properly and advisedly may enter a plea of guilty in the belief that a favorable result to others may be a product of the plea without throwing into question necessarily the validity of the plea. The wording of the state court's finding, however, through the use of the word "therefore", indicates that the only reason the plea was deemed not voluntary was that the petitioner was without the advice of counsel and had a reasonable belief that his plea was necessary to obtain the release of his wife and prevent her prosecu-

tion. The 1966 amendment to 28 U.S.C. § 2254 (Public Law 89–711, 89th Congress, 80 Stat. 1101), makes clear that a state determination in habeas corpus proceedings in federal courts is presumptively correct in the absence of specified conditions when such determination is "evidenced by a written finding, written opinion, or other reliable and *adequate* written indicia * * *." (Emphasis added.)

■■ Here the determination by the State Supreme Court so negatives the findings and conclusions of the lower court as to render them insufficient to preclude the necessity of my independent examination of the evidence. Nor can I accept the decision of the State Supreme Court as foreclosing such inquiry, since the burden it placed upon the petitioner to establish violation of his constitutional rights by "clear and convincing evidence" applies an inappropriate standard in a case involving claimed waiver of the constitutional right to counsel. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Moore v. State of Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957).

■ There is no doubt from the evidence that prior to the time of his plea of guilty, the petitioner in open court was properly advised of his right to counsel and the possible consequences of his plea. The recitation in the Supreme Court opinion, borne out by the record, is convincing of this and there is nothing indicated in the lower court's findings to the contrary. I attach no significance to the fact that petitioner was erroneously informed that the possible sentence was ten years to life rather than only five years to life. This discrepancy could not have influenced him in entering his plea of guilty. The petitioner's argument that this discrepancy at least demonstrated the probability of careless advice concerning other rights is not borne out by the record of the proceedings at the time of arraignment.

■ I accept the state district court's finding that the petitioner was impecu-

nious and without funds to employ counsel and was not properly advised of his right to have counsel appointed prior to the preliminary hearing and submitted to a waiver of preliminary hearing without the advice of legal counsel. Before that time, however, he had admitted his guilt to the Sheriff and there is no claim made that this admission involved a violation of any of his constitutional rights, nor that anything that he said thereafter was used against him to his prejudice. His plea of guilty in the district court after being fully advised of his right to counsel and having waived such right, forecloses reliance upon any prior procedural irregularity not shown to have been prejudicial. Sobota v. Rodriquez, 371 F.2d 909 (10th Cir. 1967); Engling v. Crouse, 357 F.2d 267 (10th Cir. 1966), cert. denied 379 U.S. 907, 85 S.Ct. 202, 13 L.Ed.2d 180; Pearce v. Cox, 354 F.2d 884 (10th Cir. 1965); Latham v. Crouse, 320 F.2d 120 (10th Cir. 1963); Lovato v. Cox, 344 F.2d 916 (10th Cir. 1965). See also State of Utah v. Sullivan, 227 F.2d 511 (10th Cir. 1955), cert. denied, 350 U.S. 973, 76 S.Ct. 449, 100 L.Ed. 844 (1956).

This leaves for consideration the petitioner's contention that he was coerced into the entry of a plea of guilty by the promise that should he enter such a plea the charge against his wife would be dismissed. I find in this respect that prior to the entry of his plea he was told that if he pled guilty the charge against his wife probably would be dismissed, that this was a development genuinely desired by the petitioner and that it was a consideration which he had in mind when he entered his plea. I further find, however, that there were other considerations which led to the entry of the petitioner's plea of guilty, including his own belief that he was guilty, a realization that it would be futile to contest the matter, and his desire to get the proceedings over with by reason of his hope for probation. And I further find no evidence in the record directly or indirectly indicating that the defendant was not in fact guilty of the charge to which he pled

guilty, or that he was misled, or that he was under any misapprehension or misunderstanding concerning the elements of the charge, legal defenses to it, or the possible consequences of the plea.

Aside from the procedural paradox above-mentioned, the greatest difficulty presented in this case is the unreported conference in the judge's chambers prior to the petitioner's arraignment. The unreported conferences in chambers following the plea involves a less sensitive problem and seems of little or no materiality.

■ Where it is not shown of record what transpired at the conference between a judge and a defendant awaiting plea, subsequent appearances in open court may be suspect in view of the possibility that waivers in open court have been conditioned or rendered merely formal or meaningless by understandings reached in private. Cf. Humphries v. State of Oklahoma, 373 F.2d 200 (10th Cir. 1967). Without approving such practice, however, and after critically examining the evidence with reference to its possible effect in this case, I have concluded that it did not result in any overreaching of the petitioner or place the arraignment in any substantially different light than indicated by the record made there.

■ Though the testimony of the state judge is not a part of the record, the petitioner's version of the conference, as well as that of the District Attorney's, is. These versions differ in some respects, but essentially there is no indication that the conference in chambers could have changed in any respect the viewpoint of the petitioner, gathered from his conversations with the Sheriff, that he was not assured probation but would be considered for probation if he should plead guilty, and that the charge against his wife would probably be dismissed. There is no indication that there was pressure of any kind used against him to induce a plea or that there was anything which occurred which obscured his rights or rendered meaningless or illusionary the explanations later made to him on the record. I am convinced by a

preponderance of the evidence that the petitioner's waiver of counsel at the time of the arraignment and his entry of the plea of guilty were voluntarily, knowledgeably and advisedly made and entered.

The protection of constitutional rights is a weighty charge placed upon all courts and this court is not unmindful of the sensitivity with which the Supreme Court of the United States and this Circuit, as well as this court, have regarded a defendant's right to counsel and his freedom from involuntary self-incrimination. With the power federal courts have to thus safeguard constitutional rights even to the extent of disregarding state proceedings comes the responsibility of avoiding interference for trivial reasons with the state's enforcement of its own laws. The books are replete with the judicial condemnation of coercion in criminal proceedings running all the way from physical torture, starvation and deteriorating isolation to other more subtle but effective forms of mental pressure or inducement. Yet counsel have called to my attention no case, nor can I find one, in which pleas have been set aside under circumstances comparable to these, where the defendant, far from being overreached, was treated with no little consideration. The fact that he was sentenced to a substantial term of imprisonment was in the exercise of judicial judgment and did not invalidate the prior proceedings.

The real problem is not whether a defendant knew or was fairly told of benefits that might accrue from a particular plea, but whether in view of anything he was told and all other circumstances the plea was voluntarily and understandingly made. Here there was no overreaching, imposition, coercion or deceit; the prosecution against his wife was dismissed; the defendant was fairly considered for probation; before entering his plea defendant voluntarily waived his right to counsel after being appropriately advised.

If this court could properly undo or reform a state sentence as a matter of mercy or sympathy—and the defendant in his present plight no doubt merits sympathy and perhaps mercy—there would be another question; but in such a collateral attack as this upon a state judgment there is required much more in a federal court. And the record does not supply much more. It does not establish that the petitioner is being held by the state in violation of his rights under the Constitution or laws of the United States. A plea for pardon or parole of course must be addressed to the State Board of Pardons.

For the foregoing reasons, which include findings deemed sufficient to satisfy the requirements of Rule 52(a) Federal Rules of Civil Procedure, the writ of habeas corpus heretofore issued by me is hereby vacated and the petition dismissed.