## PEOPLE *v.* WHITMER

1. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA.
   Criminal defendants have no absolute right to withdrawal of a guilty plea, but Michigan courts have been liberal when such a motion is made as the constitutional rights of trial by jury, confrontation, and cross-examination are at issue.

2. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—DISCRETION.
   A trial court may correctly deny a request to withdraw a guilty plea if the request appears: 1) to be obviously frivolous, 2) to be a dilatory tactic, 3) to involve a plea that was freely and voluntarily made.

3. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA.
   Evidence that a plea of guilty was involuntary is sufficient to permit withdrawal of the plea.

4. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—WITHDRAWAL OF PLEA.
   Defendant's plea of guilty was not voluntary where the record shows that he was promised leniency for his brother, an accomplice, in return for pleading guilty.

Appeal from Oakland, William R. Beasley, J. Submitted Division 2 March 3, 1969, at Detroit. (Docket No. 5,438.)    Decided March 28, 1969.  Rehearing denied April 28, 1969.  Leave to appeal denied January 28, 1970.  See 383 Mich 763.

James C. Whitmer was convicted, on his plea of guilty, of attempted breaking and entering.  Defendant appeals.  Reversed and remanded for trial.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 503, 504.
[3, 4] 21 Am Jur 2d, Criminal Law § 505.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*William C. Ibershof,* for defendant.

BEFORE: LESINSKI, C. J., and FITZGERALD and V. J. BRENNAN, JJ.

PER CURIAM. Defendant requested of the trial court, before sentencing, to withdraw his plea of guilty to the included offense of attempted breaking and entering.* Defendant appeals from the denial of his request.

At the time of his request, the defendant stated to the court that the reason for his guilty plea was that he had been told that his younger brother would receive lenient consideration in a similar charge, which the brother did receive.

The Michigan Supreme Court said in *People v. Bencheck* (1960), 360 Mich 430:

"Generally, it is considered that there is no absolute right to withdrawal of a guilty plea. *People v. Case,* 340 Mich 526; *People v. Banning,* 329 Mich 1. See, also, 14 Am Jur, Criminal Law, § 286. But this Court's decisions suggest that the trial judge's discretion be exercised with great liberality when the motion is made prior to sentence or commencement of trial. *People v. Piechowiak,* 278 Mich 550; *People v. Stone,* 293 Mich 658; *People v. Sheppard,* 316 Mich 665; *People v. Anderson,* 321 Mich 533."

Further, in *People v. Banning, supra,* p 7, the Supreme Court said:

---

* Attempt: MCLA § 750.92 (Stat Ann 1962 Rev § 28.287); Breaking and Entering: MCLA § 750.110 (Stat Ann 1968 Cum Supp § 28.305).

"The rationale behind these cases is apparent. The right to trial by jury in criminal cases is a substantial constitutional right, as are the attendant rights of confrontation, cross-examination, *et cetera.*"

This Court in *People* v. *Hollman* (1968), 12 Mich App 231, 235, said, "At any time prior to trial and sentencing, courts must be patient with indecisive defendants concerning their basic constitutional right to a trial by jury."

The judge, however, need not grant the request if it appears to be obviously frivolous, *People* v. *Zaleski* (1965), 375 Mich 71.

The problem in these cases, a practical one, is that widespread use of the practice would hinder the administration of justice, especially in jurisdictions with crowded criminal dockets, in that all witnesses who were discharged from any subpoena obligation at the time of the plea, now have to be relocated and subpoenaed for trial. Where the case clearly indicates the request for withdrawal of plea before sentencing is a dilatory tactic, then the trial court should deny the request if it appears the plea was freely and voluntarily made.

A review of the record in this cause shows that the defendant's plea was not voluntary. The record clearly reveals facts which sustain the defendant's statement to the court that he was pleading guilty out of concern for his brother. Under these circumstances the trial court should have set aside the plea and granted the defendant a trial.

The facts in this case coincide closely with those in the *Hollman Case, supra.*

Reversed and remanded for trial.