PEOPLE v. THOMAS SMITH

CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWING PLEA—PROSECU-
TOR'S PROMISES.

A plea-based conviction will be remanded for a rehearing of
defendant's motion to withdraw his guilty plea where there
is a serious question whether the prosecutor promised not to
prosecute defendant's wife in exchange for defendant's plea
of guilty and where the transcript of the preliminary exam-
ination, which contained testimony relevant to defendant's
allegation, was not available when defendant's motion was
originally heard.

Appeal from Macomb, Walter P. Cynar, J. Sub-
mitted Division 2 September 7, 1971, at Lansing.
(Docket No. 10709.) Decided November 29, 1971.

Thomas S. Smith was convicted, on his plea of
guilty, of uttering and publishing a forged instru-
ment. Defendant appeals. Remanded for further
proceedings.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *George N. Parris,*
Prosecuting Attorney, *Thaddeus F. Hamera,* Chief
Appellate Lawyer, and *Stephen F. Osinski,* Assist-
ant Prosecuting Attorney, for the people.

*Max D. McCullough,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 484 *et seq.*

Before: V. J. BRENNAN, P. J., and FITZGERALD and LEVIN, JJ.

PER CURIAM. Defendant's plea of guilty to the charge of uttering and publishing a forged instrument (MCLA § 750.249 [Stat Ann 1962 Rev § 28-.446]), was accepted in Macomb Circuit Court on October 2, 1969. The original sentencing proceeding was technically defective. At resentencing, on November 13, 1970, defendant presented an oral motion to withdraw his guilty plea. The motion was denied and defendant was sentenced to serve a prison term of from 10 to 14 years. He presents this appeal as of right.

Of the numerous issues presented by defendant on appeal, we find merit in, and discuss, only one. At the time of the hearing of defendant's motion to withdraw his guilty plea, defense counsel argued that defendant's plea of guilty was originally obtained by undue pressure in that the prosecution agreed not to prosecute defendant's wife for any involvement she may have had in the alleged incident. Defense counsel also stated that the transcript of the preliminary examination, which was not available to the court or counsel at the time that defendant's motion to withdraw his plea was heard, would substantiate this allegation. The transcript of the preliminary examination reveals the following colloquy:

"*Stanley Woodruff* (*assistant prosecuting attorney*): I might say, Mr. York, that we are aware that the wife may have been involved in these; but no one has requested that we seek any type of prosecution against her.

"*Mr. York* (*defense counsel*): Thank you Mr. Woodruff, that was something my client was concerned with. What he is saying, Mr. Smith, is that they don't expect to prosecute your wife if in fact

she is involved, and they're not saying that she is. But whether or not she is, they are not going to prosecute her.

"*Judge McLean:* O. K. Fine."

As the prosecution concedes in its brief "there is * * * a serious question as to whether or not the statement constitutes a promise not to prosecute as such".

While it is true, as the prosecution contends, that a fulfilled plea bargain is not a ground for a withdrawal of a guilty plea, it does not follow that bargaining regarding the fate of a member of defendant's family does not constitute coercion.[1]

In view of the fact that the transcript of the preliminary examination was not available to the trial court at the time it ruled on defendant's motion, and in view of the possible merit of defendant's allegation, we feel the trial court should inquire into this allegation. We remand for such an inquiry.

---

[1] See *People* v. *Hollman* (1968), 12 Mich App 231, *appeal dismissed* (1969), 381 Mich 791.