PEOPLE v FORREST

Opinion of the Court

1. Criminal Law—Plea of Guilty—Voluntariness—Promises of Leniency—Relatives.

A promise of leniency for a relative is not, of itself, coercive enough to vitiate a guilty plea as a matter of law; the question in each case is whether the inducement for the guilty plea was one which necessarily overcame defendant's ability to make a voluntary decision, and mere belief by the defendant that his guilty plea will benefit a relative does not, without more, constitute coercion.

Dissent by T. M. Burns, J.

2. Criminal Law—Plea of Guilty—Voluntariness—Promises of Leniency—Relatives.

*A defendant's concern for the fate of a family member can result in coercion capable of vitiating the voluntariness of a plea of guilty; a claim of this nature, whether asserted before or after sentencing, should be treated and investigated with the utmost care and solicitude.*

Appeal from Washtenaw, Ross W. Campbell, J. Submitted Division 2 November 15, 1972, at Lansing. (Docket No. 12045.) Decided March 26, 1973.

Carl W. Forrest was convicted, on his plea of guilty, of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,*

Reference for Points in Headnotes
[1, 2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

Prosecuting Attorney, and *Basil A. Baker* and *John J. Hensel,* Assistant Prosecuting Attorneys, for the people.

*Martin I. Reisig,* Assistant State Appellate Defender, for the defendant.

Before: QUINN, P. J., and J. H. GILLIS and T. M. BURNS, JJ.

J. H. GILLIS, J. The defendant pled guilty to a charge of armed robbery, MCLA 750.529; MSA 28.797, on April 21, 1971. On May 7, 1971, defendant was sentenced to a term of 7 to 20 years in prison. This Court subsequently remanded the case to the trial court after the defendant, on appeal, claimed that his plea was not voluntary in that it was the result of pressure, duress, and coercion. Defendant filed the following affidavit in support of this claim:

"I, Carl Forrest, claim that I would not have taken a plea and did not plan on pleaing, but for extreme pressure put upon me. Specifically, I know my brother was in absolutely no way involved in any robbery. He is completely innocent. However my brother was arrested in regards to the alleged robbery. Before I pled, my brother's attorney, a Mr. Parker, with my attorney present, a Mr. Paulson, told me that the police had my brother and he, (Mr. Parker) couldn't help him. My brother had nothing to do with any robbery, but his attorney told me he couldn't help him. So I was given no choice but to plea or see my brother injustly imprisoned. This meeting took place prior to my plea of April 21, 1971. It was only because of this unbearable pressure that I pled. I wanted to go to trial and still want to go to trial, but not at the expense of seeing my totally innocent brother incarcerated."

As a matter of note, armed-robbery charges

against defendant's brother were subsequently dropped.

Before accepting defendant's guilty plea, the trial court questioned him extensively as to the factual basis for the plea. The defendant gave a detailed account of his participation in the preparation for and commission of the armed robbery. In addition, the following colloquy between the defendant and the trial judge took place:

"*The Court:* Was your brother, Charles, present?

"*A.* No, he wasn't.

"*The Court:* Are you pleading guilty to this because Charles was charged with this robbery?

"*A.* Yes.

"*The Court:* Or are you pleading guilty to this because you are guilty?

"*A.* I am guilty."

On the basis of these questions and answers and defendant's affidavit, this Court remanded the case to the trial court for an evidentiary hearing as to the voluntariness of defendant's plea. The trial court found that the defendant's plea had been voluntary, and denied defendant's request for a new trial on the charge of armed robbery. The case is now here for resolution.

At the outset, we note that there is nothing in this record to indicate any reasonable basis for defendant's alleged belief that his brother would be freed if defendant pled guilty. Nor does the defendant assert that any such bargain was offered to him by the authorities to induce his guilty plea. Rather, defendant's affidavit indicates that he reached his own conclusion in that regard based on his brother's attorney's statement that he (the attorney) could not help him (defendant's brother).

Nevertheless, defendant asserts that he was in-

duced to plead guilty by this belief, whether reasonably held or not. Voluntariness of a guilty plea must necessarily be measured by a subjective test, and defendant asserts that his desire to protect his brother from prosecution rendered his plea involuntary.

The majority of jurisdictions which have passed on this question have held that a promise of leniency for a relative is not, of itself, coercive enough to vitiate a guilty plea as a matter of law. Instead, the question in each case is whether the inducement for the guilty plea was one which necessarily overcame the defendant's ability to make a voluntary decision. *Cortez v United States,* 337 F2d 699 (CA 9, 1964), *cert den,* 381 US 953; 85 S Ct 1811; 14 L Ed 2d 726 (1965). Similarly, see *United States v Carlino,* 400 F2d 56 (CA 2, 1968); *Allen v Rodriguez,* 372 F2d 116 (CA 10, 1967); *McGuffey v Turner,* 267 F Supp 136 (D Utah, 1967); 43 ALR3d 281, *Enforceability of Plea Agreement, or Plea Entered Pursuant Thereto, with Prosecuting Attorney Involving Immunity from Prosecution for Other Crimes.*

Our Court has considered the question on three occasions. In *People v Hollman,* 12 Mich App 231 (1968), *appeal dismissed,* 381 Mich 791 (1969), and *People v Whitmer,* 16 Mich App 703 (1969), defendant's motion to withdraw his guilty plea was made before sentencing, a factor which this Court held to be decisive in reversing and remanding for trial. In *People v Thomas Smith,* 37 Mich App 264, 266 (1971), where we remanded for an inquiry into the voluntariness of defendant's plea, we observed that " * * * it does not follow that bargaining regarding the fate of a member of defendant's family does not constitute coercion".

Neither does it follow that such bargaining *does*

constitute coercion. More particularly, a mere belief by defendant that his guilty plea will benefit a relative does not, without more, constitute coercion.

The colloquy between defendant and trial judge establishes, at best, that defendant was motivated to plead guilty only partially out of concern for his brother; another motivation was his knowledge of his own guilt.

It would have been advisable for the trial judge to have questioned defendant further on this point when he indicated that he was pleading guilty because his brother was charged. However, in viewing this record as a whole, and in light of the authorities cited above, we cannot say that defendant's plea was involuntary. Since defendant has failed to state a persuasive reason why withdrawal of his plea should be permitted, we affirm. *People v Zaleski,* 375 Mich 71, 81 (1965).

Affirmed.

QUINN, P. J., concurred.


T. M. BURNS, J. *(dissenting).* I cannot agree with the majority opinion. The evidentiary hearing was inconclusive and is of little aid to this Court for carrying out a meaningful review of the voluntariness of the defendant's guilty plea.

The question of the voluntariness of defendant's plea precipitated the remand for an evidentiary hearing. However, a review of the evidentiary hearing transcript reveals that the lower court was preoccupied with the truthfulness of the plea rather than its voluntariness. In addition, the defendant was the only witness at the hearing and the transcript indicates that, at critical times during his testimony, he did not understand the ques-

tions put to him by either the defense counsel, the prosecutor, or the court.

Moreover, concern for the fate of a family member can result in coercion capable of vitiating the voluntariness of a plea. *People v Thomas Smith,* 37 Mich App 264, 266 (1971); *People v Whitmer,* 16 Mich App 703 (1969); *People v Hollman,* 12 Mich App 231 (1968). Whether claims of this nature are made before or after sentencing, they should be treated and investigated with the utmost care and solicitude. This was not done here.

Therefore, I vote to reverse and remand for a new trial.