COMMONWEALTH vs. ROCCO A. BALLIRO.

Suffolk.    May 3, 1976. — July 2, 1976.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, & WILKINS, JJ.

*Practice, Criminal,* Plea, Capital case.    *Capital Case,* Plea.    *Constitutional Law,* Due process of law.

The provision of G. L. c. 265, § 2, that "[w]hoever is guilty of murder in the first degree shall suffer the punishment of death, unless the jury shall by their verdict . . . recommend that the sentence of death be not imposed . . . " did not preclude a judge from accepting a defendant's plea of guilty to murder in the first degree. [586-588]

Evidence that during a lobby conference the judge agreed to accept pleas of guilty to manslaughter from two codefendants, one of whom was the defendant's brother, on the condition that the defendant plead guilty to murder in the first degree, that the defendant was told of the proposal in the presence of the codefendants and attorneys for each and discussed it for some time with his own attorney, and that the defendant accepted the proposal because it would allow the codefendants to be released from prison earlier and because he expected such long sentences on other charges pending against him that a life sentence would have little practical effect on his term of incarceration warranted a finding that the defendant's plea of guilty to murder in the first degree was voluntary. [588-590]

INDICTMENTS found and returned in the Superior Court on February 6, 1963.

A motion for a new trial was heard by *Lynch,* J.

*Albert L. Hutton, Jr.,* for the defendant.

*Philip T. Beauchesne,* Assistant District Attorney, for the Commonwealth.

WILKINS, J.    On August 18, 1965, following the reversal of the defendant's convictions in *Commonwealth* v. *Balliro,*

349 Mass. 505 (1965), the defendant changed his plea to guilty to two indictments charging him with murder in the first degree and to one indictment charging him with breaking and entering a dwelling house in the nighttime with intent to commit an assault by means of a dangerous weapon and with committing that assault. He was sentenced, concurrently, to life sentences on the murder indictments, to be served from and after a sentence he was then serving. On the third indictment, he was sentenced to a concurrent term of fifteen to twenty years. At the same time, the defendant also pleaded guilty to a number of other charges, receiving concurrent sentences on many of them, while others were placed on file. In circumstances described below, the defendant's two codefendants in the matters considered in *Commonwealth* v. *Balliro, supra,* each pleaded guilty to so much of two murder indictments as charged them with manslaughter.

The defendant argues in support of his motion for a new trial[1] that (1) the judge had no authority to accept a plea of guilty to murder in the first degree and (2) his guilty pleas were not "knowingly, intelligently, freely and voluntarily made but were rather the product of coercion." The first of these issues is one of law, on which the judge ruled against the defendant. The second issue requires an analysis of the circumstances surrounding the defendant's pleas. The judge who heard the defendant's motion made careful findings concerning those circumstances and concluded that the guilty pleas were not coerced and that the defendant's change of plea represented a voluntary and intelligent choice among the alternatives then available to him. We affirm the denial of the defendant's motion for a new trial.

1. The judge was authorized to sentence the defendant to imprisonment for life when he pleaded guilty to murder in the first degree.

---

[1] Although the defendant did not have a trial after the reversal of his convictions, a motion for a new trial is the appropriate form for seeking relief. See *Commonwealth* v. *Penrose,* 363 Mass. 677, 679-681 (1973).

The defendant contends that he is entitled to a new trial because only a jury could determine the sentence to be imposed. He relies on that portion of the first sentence of G. L. c. 265, § 2, as appearing in St. 1951, c. 203, which states that "[w]hoever is guilty of murder in the first degree shall suffer the punishment of death, unless the jury shall by their verdict . . . recommend that the sentence of death be not imposed . . . ." However, that language in § 2 which grants a role to the jury has no application when a defendant has pleaded guilty.[2]

General Laws c. 277, § 47,[3] and c. 263, § 6,[4] recognize that a plea of guilty to murder in the first degree is permissible. Section 47 expressly acknowledges that a defendant who pleads guilty to a capital crime shall be sentenced by the judge. Although these statutes were enacted prior to the 1951 amendment of G. L. c. 265, § 2, which made a life sentence possible, in the jury's discretion, when a defendant was found guilty of murder in the first degree, they were not repealed expressly or impliedly by the 1951 amendment. They support our conclusion that the first sentence of § 2 does not preclude a defendant from pleading guilty to murder in the first degree.

---

[2] Even if the first sentence of § 2 did so apply, it does not follow necessarily that the defendant would be entitled to a new trial. Perhaps, in such a case, only the sentencing process would be open for reconsideration, and, if that were so, the decision in *Furman* v. *Georgia,* 408 U.S. 238 (1972), would permit only a sentence of life imprisonment for the defendant. We have held repeatedly after the *Furman* case that one who was convicted of murder and sentenced to death should have his sentence revised to life imprisonment by action of a judge. *Commonwealth* v. *Hall,* 369 Mass. 715, 735 (1976), and cases cited. Cf. *Commonwealth* v. *O'Neal,* 369 Mass. 242, 243 (1975).

[3] General Laws c. 277, § 47, provides in part that "[i]f a prisoner, under indictment for a capital crime, pleads guilty, upon being arraigned, the court shall award sentence against him . . . ."

[4] The first sentence of G. L. c. 263, § 6, reads as follows: "A person indicted for a crime shall not be convicted thereof except by confessing his guilt in open court, by admitting the truth of the charge against him by his plea or demurrer or by the verdict of a jury accepted and recorded by the court or, in any criminal case other than a capital case, by judgment of the court rendered as hereinafter provided."

In the absence of a statute authorizing a judge to accept a plea of guilty to murder in the first degree, we might be inclined to rule that a judge has an inherent power to accept such a plea (see *Commonwealth* v. *Jackson,* 369 Mass. 904, 921-922 [1976]), but we need not decide that point. One hundred ten years ago this court rejected the argument that, because a statute provided that "[t]he degree of murder shall be found by the jury," a judge could not accept a plea of guilty to murder in the first degree. *Green* v. *Commonwealth,* 12 Allen 155, 166-167 (1866). The reasoning of this court's opinion in the *Green* case, which made order out of various statutory provisions, is applicable here as well.

2. The judge's ruling that the defendant's plea of guilty was voluntary was warranted by the evidence. There was no coercion (see *Commonwealth* v. *Manning,* 367 Mass. 699, 705-706 [1975]), nor ineffective assistance of counsel (see *Commonwealth* v. *Saferian,* 366 Mass. 89, 96, 98 [1974]).[5]

We summarize the judge's findings.[6] During a lobby conference in August, 1965, the sentencing judge agreed in the presence of counsel to accept pleas of guilty to manslaughter from the codefendant Salvatore Balliro, the defendant's brother, if the defendant pleaded guilty to murder in the first degree on both indictments.[7] The defendant's counsel received assurance from the judge that life imprisonment rather than the death penalty would be

---

[5] Because the sentences were imposed on the defendant before the decision in *Boykin* v. *Alabama,* 395 U.S. 238 (1969), the voluntariness of the defendant's pleas of guilty does not have to appear on the record developed at the time the defendant changed his plea, and the burden is on the defendant to show that his pleas were involuntary. *Commonwealth* v. *Leate,* 367 Mass. 689, 693-694 (1975), and cases cited.

[6] Because the sentencing judge had since retired, a different judge was assigned to hear the motion for a new trial.

[7] Although the judge did not find explicitly that the proposal included a similar option for the third codefendant to plead guilty to manslaughter, the judge's discussion of the circumstances and the briefs before us treat the situation as if the third codefendant also was extended this opportunity as part of the proposal.

imposed. The defendant was told of the proposal in the presence of the codefendants and counsel for each codefendant. At first, in a state of agitation, he said he would not accept the proposal. There was then a discussion lasting one-half hour, during which counsel for Salvatore did most of the talking in support of the proposal. Salvatore's counsel regarded the defendant's position as hopeless because, in any event, he would receive maximum, consecutive sentences equivalent to the life sentences on the many pending assault charges. In the end, the defendant accepted the proposal because it would permit the other codefendants to be released from prison earlier and because he expected such long sentences on other charges that conviction on the murder indictments would have little practical effect on his term of incarceration. The defendant's court-appointed counsel recommended that the defendant accept the proposal. The defendant understood that Salvatore's counsel was representing Salvatore and that there might be a conflict between Salvatore's interests and the defendant's interests.

The judge concluded that the defendant changed his mind and agreed to plead guilty to murder in the first degree in order to ensure that his brother Salvatore would receive a more favorable disposition of the charges against him and, to a lesser degree, because the other codefendant would receive similar treatment. He found that there was no coercion, no deception, and no lack of reasonably effective assistance of counsel in the particular circumstances.[8]

The only issue worthy of extended discussion is whether the pleas are invalid because the plea arrangement resulted from the judge's agreement to accept pleas to lesser offenses from the defendant's two codefendants in exchange for the defendant's guilty pleas to murder in the first degree. Substantial authority supports the view that a guilty plea is not rendered invalid, or subject to revocation, because the person who pleads guilty does so in response to a

---

[8] The judge found that avoidance of a sentence of death was not a consideration in the defendant's change of plea.

promise from a judge or prosecutor that another will be accorded favorable treatment. See *Plunkett* v. *Commissioner,* 465 F.2d 299, 306 (7th Cir. 1972) (guilty plea to protect wife); *Cortez* v. *United States,* 337 F.2d 699, 701-702 (9th Cir. 1964), cert. denied, 381 U.S. 953 (1965) (same); *United States ex rel. Cunningham* v. *Follette,* 397 F.2d 143, 146 (2d Cir. 1968), cert. denied sub nom. *Cunningham* v. *Follette,* 393 U.S. 1058 (1969) (guilty plea to protect codefendant); *United States ex rel. Robinson* v. *Fay,* 348 F.2d 705 (2d Cir. 1965), cert. denied sub nom. *Robinson* v. *Fay,* 382 U.S. 997 (1966) (same); *United States* v. *Carlino,* 400 F.2d 56, 58 (2d Cir. 1968), cert. denied, 394 U.S. 1013 (1969) (guilty plea to protect son); *Kent* v. *United States,* 272 F.2d 795, 798-799 (1st Cir. 1959) (guilty plea to protect fiancée); *People* v. *Forrest,* 45 Mich. App. 466, 469 (1973) (guilty plea to protect brother). Cf. *State ex rel. White* v. *Gray,* 57 Wis.2d 17, 26-29 (1973) ("[T]he voluntariness of a plea bargain which contemplates special concessions to another — especially a sibling or a loved one — bears particular scrutiny . . .").

The defendant knew the available alternatives. He had the advice of counsel, and, because of his earlier trial, he understood the charges against him and the nature of the Commonwealth's case. The defendant's then counsel agreed that the plea arrangement was best for all concerned and that the defendant knew what he was doing in pleading guilty to murder in the first degree. We see no basis for revoking the defendant's sentence and permitting him to withdraw his guilty pleas.

> *Order denying defendant's*
> *motion for a new trial*
> *affirmed.*