PEOPLE v ROY

Docket No. 69415. Submitted October 19, 1983, at Detroit.—Decided December 29, 1983.

Defendant, Tony Roy, was convicted in the Genesee Circuit Court following his plea of guilty of assault with intent to murder. In exchange for his plea, another charge of assault with intent to murder and a charge of first-degree criminal sexual conduct were dismissed. The trial court, Philip C. Elliott, J., sentenced defendant to 12-1/2 to 25 years imprisonment. Defendant appeals contending that his plea was coerced because a new attorney was appointed six days before trial and the trial court refused to adjourn the trial. Defendant further contends that the trial court improperly influenced the plea bargaining in stating that it would consider granting a more lenient sentence to someone who pled guilty and gave up his right to trial. *Held:*

1. Defense counsel indicated that he was prepared to go to trial. There is no contrary indication on the record. The trial court complied with the court rule regarding voluntary pleas. No promises other than as stated on the record were made and no threats were made. Defendant pled guilty of his own choice and the trial court so found. Defendant's claim of coercion should not be accorded greater weight than his statement to the contrary at the time of the plea.

2. A fair reading of the trial judge's remarks does not support the defendant's contention of coercion in regard to the plea bargaining process.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 470, 471.

Compliance with federal constitutional requirement that guilty plea be made voluntary and with understanding, in federal cases involving mentally incompetent state convicts. 38 ALR Fed 238.

Degree of mental competence, of Rule 11 of Federal Rules of Criminal Procedure, that guilty pleas be made voluntary and with understanding. 31 ALR Fed 375.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[2] 21 Am Jur 2d, Criminal Law §§ 489, 490.

1. CRIMINAL LAW — GUILTY PLEAS — VOLUNTARINESS — COURT
   RULES.
   The court rule regarding pleas of guilty provides the procedure to
   be followed by a trial court in determining whether a defen-
   dant's plea is voluntary (GCR 1963, 785.7[2]).

2. APPEAL — CRIMINAL LAW — GUILTY PLEAS — VOLUNTARINESS.
   A defendant's claim on appeal that his plea of guilty was the
   product of coercion should not be accorded greater weight than
   his statement to the contrary made at the time of his plea.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*William L. Grossmann,* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and CYNAR and C. W. SIMON, JR.,* JJ.

PER CURIAM. Defendant was convicted following his plea of guilty of assault with intent to murder, MCL 750.83; MSA 28.278. In exchange for his guilty plea, another charge of assault with intent to murder and a charge of criminal sexual conduct in the first degree, MCL 750.520b; MSA 28.788(2), were dismissed. Following a sentence of 12-1/2 to 25 years, defendant appeals as of right. Defendant contends that his plea was coerced because a new attorney was appointed six days before trial and the trial court refused to adjourn the trial. He further maintains that the trial court improperly influenced the plea bargaining in stating that it would consider granting a more lenient sentence to someone who pled guilty and gave up his right to trial. We disagree.

Defense counsel indicated that he was prepared

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to go to trial. There is no contrary indication on the record. In accordance with the voluntary plea provision of GCR 1963, 785.7(2), the trial court inquired if there was a plea agreement. A plea agreement with defense counsel, the defendant and the prosecutor was confirmed. No promises other than as stated on the record were made. Defendant was not threatened by anyone. Defendant pled guilty of his own choice. The trial court found on the record that the plea was voluntary. Defendant's claim of coercion should not be accorded greater weight than his statement at the time of the plea. *Cf., People v Gant,* 4 Mich App 671, 675; 145 NW2d 381 (1966), *lv den* 378 Mich 748 (1967).

We find the second part of defendant's argument, contending that the trial court influenced the plea bargaining process, to be without merit.

The trial court's precise words were:

*The Court:* And I must say that I have not agreed upon the possibility of a plea or the possible sentence with the prosecutor, defense counsel, or defendant or anyone else, except in a brief conversation with Mr. Sherwin, after he found out the prosecutor would not offer any sentence-concession plea bargain, Mr. Sherwin asked whether I would engage in discussion of the possible sentence and I told him that I would not, and I never do, that I follow the ABA Standards, including, however, Standard 1.8, and that it seems to me in a case such as this, the plea of guilty is a factor that should be weighed with all other factors in deciding what the sentence should be. It is a factor that saves the community considerable time and money and allows me to go ahead with another case today, and I have got a busy docket.

"It also does not require the testimony of that young boy and his mother, who would, I am sure, find the experience something that they would like to avoid if possible, but that does not mean that if after I read the

presentence investigation and know a good deal more about the case and about you, that I might not enter a sentence of life imprisonment, or a very stiff minimum and maximum term.

"Do you understand that, Mr. Roy?

*"The Defendant:* Yes, your Honor."

A fair reading of the trial judge's remarks does not support the defendant's contention of coercion. The judge stated he had not agreed on the possibility of a plea or possible sentence and would not discuss a possible sentence. He indicated that the plea of guilty was a factor that should be weighed with all other factors in deciding the sentence. He indicated that after reading the presentence investigation report and having a good deal more knowledge about the case, the sentence might be life imprisonment, or a very stiff minimum and maximum term. Upon being asked by the judge, the defendant stated that he understood the judge's remarks.

Affirmed.