# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 20, 2008

135247

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

                                       SC:  135247
                                         COA: 279776
                                         Macomb CC: 2006-002343-FH

BRIAN LAMORAND,
      Defendant-Appellant.

_____/

      On order of the Court, the application for leave to appeal the September 17, 2007 order of the Court of Appeals is considered. We direct the Clerk to schedule oral argument on whether to grant the application or take other peremptory action. MCR 7.302(G)(1). At oral argument the parties shall address: (1) whether requiring a defendant to plead guilty in order to preserve the right of his family members to benefit from plea bargains is coercive; (2) whether the defendant's claims of innocence together with the claims of coercion, brought before sentencing, provide sufficient reasons under the standard of review for plea withdrawal before sentencing to support a grant of his motion; (3) whether an evidentiary hearing is required to explore this matter; and (4) whether, if the defendant is allowed to withdraw his plea, the prosecution will be prejudiced and, if so, in what manner. We further ORDER the Macomb Circuit Court, in accordance with Administrative Order 2003-03, to determine no later than April 2, 2008, whether the defendant is indigent and, if so, to appoint attorney Mitchell T. Foster, if feasible, to represent the defendant in this Court. If the defendant is not indigent, he must retain his own counsel. Oral argument in this case will take place in the Barry County Courthouse in Hastings, Michigan, at 3:00 p.m. on Wednesday, May 14, 2008. The parties shall file supplemental briefs no later than April 30, 2008, but they should not submit mere restatements of their application papers.

      CORRIGAN, J., concurs and states as follows:

      I concur in the order scheduling oral argument on whether to grant the application or take other peremptory action. I write to describe the underlying facts and issues. In this case, defendant, his mother, stepfather, brother, and half-brother were all charged

with manufacturing marijuana, which is a felony. The prosecutor offered to allow every one except defendant's brother to plead guilty of the misdemeanor offense of maintaining a drug house. No plea offer was extended to defendant's brother because he had already admitted manufacturing marijuana. A condition of the plea was that if any one of the family members declined to accept the plea agreement, none of the other family members would be permitted to plead.

Each of defendant's family members accepted the offers and pleaded guilty of maintaining a drug house. Defendant's brother pleaded guilty of manufacturing marijuana. At the guilty plea hearing, defendant made the following statements in response to questions from the court:

> *The Court*: Have there been any other promises, threats, inducement or coercion to get you to plead guilty today?
>
> *Defendant*: No.

Defendant testified that he was tendering the plea of his own free will and choice. He testified that he understood that if the court accepted his plea, he could not later claim the existence of other promises, threats, inducement or coercion. Then defendant testified as follows:

> *The Court*: Brian Lamorand, tell the Court what it is you did on or about February 18, 2006 in the Township of Clinton. What did you do?
>
> *Defendant*: I kept my driver's license at 35618 Rutherford where marijuana was kept.
>
> *The Court*: And the purpose of that residence at least in part was to be maintained for the maintaining of the marijuana.
>
> *Defendant*: Yes.

\* \* \*

> *The Court*: Then to the charge of maintaining a drug house, how is it you wish to plead?
>
> *Defendant*: Guilty.

Defendant and his family members were all scheduled to be sentenced at the same hearing. At the sentencing hearing, after each of his family members had been sentenced, defendant sought a one-week adjournment to discuss "the condition of his plea." One week later he moved to withdraw his plea, alleging that he had been coerced into accepting the plea agreement. Defendant's attorney summarized defendant's argument at the hearing to withdraw defendant's plea:

> I think in all fairness that my client had a coercion in regard to the fact that it was a take it or leave it situation in regard to all the co-

defendants and he felt that he would be doing a severe injustice to his family if left in the position whereas he would not take the plea and to have to have his family go through the entire process of a trial in this matter.

The trial court denied defendant's motion. The Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *People v Lamorand*, unpublished order, issued September 17, 2007 (Docket No. 279776).

Defendant alleges in this Court that his guilty plea was coerced because his family's plea agreements were contingent on his guilty plea to a charge of maintaining a drug house. The Court of Appeals has observed that "a promise of leniency for a relative is not, of itself, coercive enough to vitiate a guilty plea as a matter of law. Instead, the question in each case is whether the inducement for the guilty plea was one which necessarily overcame the defendant's ability to make a voluntary decision." *People v Forrest*, 45 Mich App 466, 469 (1973); see also *People v James*, 52 Mich App 422 (1974) and *People v Walker*, 75 Mich App 552 (1977).

Federal authorities also adopt the principle that plea agreements entered into as a result of pressure from codefendants or family members are not inherently coercive. In *Stano v Dugger*, 921 F2d 1125, 1142 (CA 11, 1991), the court explained that "[u]navoidable influence or pressure from sources such as codefendants, friends or family does not make a plea involuntary." In *Miles v Dorsey*, 61 F3d 1459, 1468 (CA 10, 1995), the court explained:

Because almost anything lawfully within the power of a prosecutor acting in good faith can be offered in exchange for a guilty plea, we have ruled that a plea is not per se involuntary if entered under a plea agreement that includes leniency for a third party. Instead, a third party benefit in a plea agreement presents a factor for the court to consider when evaluating the voluntariness of the defendant's plea. Because such bargaining can pose a danger of coercion and increase the leverage possessed by prosecutors, the government must abide by a high standard of good faith in its use of such tactics. The government acts in good faith when it offers leniency for an indicted third party or threatens to prosecute an unindicted third party in exchange for a defendant's plea when the government has probable cause to prosecute the third party. Consequently, so long as the government has prosecuted or threatened to prosecute a defendant's relative in good faith, the defendant's plea, entered to obtain leniency for the relative, is not involuntary. [Internal citations and quotations omitted.]

*See also United States v Hernandez*, 912 F2d 464 (CA 4, 1990) (applying the same rationale as *Miles*).

The question is whether defendant's belated allegation of coercion can overcome his sworn testimony at the plea hearing that his plea was voluntary and was not coerced. Courts have held that a "[d]efendant's claim of coercion should not be accorded greater weight than his statement at the time of the plea." *People v Roy*, 131 Mich App 611, 613 (1983); *see also Blackledge v Allison*, 431 US 63, 73-74 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."). See also *United States v Holland*, 326 US App DC 35, 40 (1997) (citation omitted) (explaining that a court does not need to "'undertake a special voluntariness inquiry,'" when a plea is tied to the plea agreement of a family member as long as the defendant's statements on the record indicate that the plea was voluntary).

Finally, Michigan's governing court rule, MCR 6.310, is also relevant. MCR 6.310(B)(1) mandates that a plea "may not be withdrawn if withdrawal of the plea would substantially prejudice the prosecutor because of reliance on the plea." Accordingly, here, the prosecution argues that it will suffer substantial prejudice because all of defendant's family members have already pleaded guilty to, and have been sentenced for, the reduced misdemeanor charge of maintaining a drug house; thus, the prosecution may no longer pursue the original felony convictions for manufacturing marijuana, which would carry significantly greater penalties. The prosecution asserts that it would not have offered defendant's family members these pleas if defendant had rejected the plea offer. The prosecution also argues that, if defendant is allowed to withdraw his plea, the prosecution will be denied the benefit of its bargain because the prosecution will not be able to adequately defend against claims made by defendant that the other members of his family, who had previously pleaded guilty, were solely responsible for the marijuana manufacturing. Moreover, the prosecution would have to try defendant for the felony offense of marijuana manufacturing two years after the fact. The prosecution claims that defendant deliberately attempted to circumvent the plea agreement offered by the prosecution to defendant and his family and, therefore, that allowing defendant to withdraw his plea would both prejudice the prosecution and be against the interest of justice.

In my judgment, these are the facts and issues that are relevant to the Court's decisional process.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 20, 2008

*Corbin R. Davis*
Clerk



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.